**KESSMAR CONSTRUCTION COMPANY et al., Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 18840.**

United States Court of Appeals
Ninth Circuit.

Aug. 28, 1964.

Bert Z. Tigerman, Nathan Schwartz, Beverly Hills, Cal., for petitioners.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Ralph A. Muoio, Dept. of Justice, Washington, D. C., for respondent.

Before BARNES, MERRILL and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

Sixteen corporations seek review of a decision of the Tax Court. The sole question is whether the Commissioner of Internal Revenue, acting under the provisions of section 269 of the Internal Revenue Code of 1954, (26 U.S.C. § 269), properly determined that each corporation was acquired by its stockholders (each had the same stockholders) for the "principal purpose" of " * * * evasion or avoidance of Federal income tax by securing the benefit of a deduction, credit, or other allowance which such person or corporation would not otherwise enjoy * * *." Having so determined, the Commissioner denied to each corporation the so-called surtax exemption of $25,000 allowed by Section 11 of the Internal Revenue Code, (26 U.S.C. § 11(c)). Instead, he allowed one such exemption to the sixteen corporations as a group, computing the taxable income of each corporation on the basis that it would be entitled to 1/16 of the $25,000 "exemption."

The facts of the transactions giving rise to this controversy are complex. They were testified to in great detail by the individuals who became stockholders of the sixteen corporations and by other persons, and are also evidenced by numerous exhibits. The detailed findings and opinion of the Tax Court are reported at 39 T.C. 778 and we do not recite them here. Petitioners do not attack the findings insofar as they describe what happened. Their contention is that the Tax Court was clearly erroneous in determining (1) that they had not met their burden of proving that the Commissioner's determination was erroneous, and (2) that the principal purpose of

their stockholders in forming sixteen corporations instead of one was the evasion or avoidance of income tax through the securing of tax benefits which the stockholders otherwise would not have enjoyed.

The Tax Court's determination as to the principal purpose of the stockholders in acquiring control of these petitioners is a factual determination based upon inferences drawn by the Tax Court from the evidence. We can reverse such a determination only if we conclude that it is clearly erroneous. This we are to do if on the entire evidence we are left with a definite and firm conviction that a mistake has been committed (United States v. United States Gypsum Company, 1948, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746). This is true even though it may be that on such a question as this the Tax Court has no particular "expertise" and we are therefore in substantially as good a position as the Tax Court to make a judgment. (See Gillette's Estate v. Commissioner, 9 Cir., 1950, 182 F.2d 1010) We do not understand the Gillette decision to mean that we must reverse just because, had we been the original trier of the facts, we might have drawn a different inference. We think it must appear to us that, in drawing the inference that it did, the Tax Court was clearly wrong.

Bearing these principles in mind, we have carefully examined the contentions of the petitioners and the record in this case and we are not convinced that the Tax Court's factual determination is clearly erroneous. Accordingly, it must stand.

The opinion of the Tax Court adequately disposes of all of the legal contentions raised by the petitioners before that court. The opinion, however, indicates that the Tax Court relied in part upon section 482 of the Internal Revenue Code of 1954, (26 U.S.C. § 482), as well as upon section 269. We are of the view that section 269 fully empowers the Commissioner to do what he did, and we therefore neither approve nor disapprove of any views expressed by the Tax Court in relation to section 482.

Before us the petitioners contend that the Tax Court erred in excluding evidence offered by them which, they say, would show that, in conducting similar transactions at about the same time as the transactions here involved, they did not form multiple corporations to the extent that they did in this case. The purpose was to confirm their own statements that their motive in forming the multiple corporations in this case was a business motive. In the cases which they cite,[1] one of the questions at issue was the intent or motive of a party in the case, and the evidence as to the other transactions, which was held properly received, was offered by the other party to the case to show conduct inconsistent with the claimed intent or motive. Here, the evidence was offered to corroborate the stockholders' testimony as to their own motives. We do not say that such evidence would never be admissible. We think, however, that its probative effect, if any, would be weak. To us it is at least doubtful that proof that a taxpayer in transaction A did not attempt to evade or avoid income tax would show that in transaction B, which was handled in a somewhat different manner, one whose form points strongly to evasion or avoidance, the taxpayer did not intend to evade or avoid income tax. Had the evidence been received, extensive collateral issues might have been raised, and the time and effort consumed in investigating them could well have been out of all proportion to the importance of the evidence. The court properly exercised its discretion in excluding the evidence

Affirmed.

1. Wood v. United States, 1842, 41 U.S. (16 Pet.) 342, 10 L.Ed. 987; N. L. R. B. v.

National Seal Corporation, 2 Cir., 1942, 127 F.2d 776