343 F.2d 790
 65-1 USTC P 9330
 BONNEVILLE LOCKS TOWING CO., Inc., Appellant,
v.
UNITED STATES of America, Appellee.
STEVENSON TOWBOAT COMPANY, Appellant,
v.
UNITED STATES of America, Appellee.
C. T. SMITH & CO., Inc., Appellant,
v.
UNITED STATES of America, Appellee.
 Nos. 19197-19199.
 United States Court of Appeals Ninth Circuit.
 March 23, 1965.
 
 Dean M. Alexander, Portland, Or., Hutchison & Blair, Vancouver, Wash., for appellants.
 Wm. N. Goodwin, U.S. Atty., Charles W. Billinghurst, Asst. U.S. Atty., Tacoma, Wash., John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Michael Mulroney, Dept. of Justice, Washington, D.C., for appellee.
 Before BARNES, JERTBERG and MERRILL, Circuit Judges.
 BARNES, Circuit Judge.
 
 
 1
 This is an action filed by three corporations for refund of income taxes paid pursuant to assessments for income tax deficiencies therefor made by the Commissioner of Internal Revenue, for the years 1955, 1956 and 1957. The deficiencies were based upon the Commissioner's determination that the principal purpose of creating the three corporations was to evade the surtax rate payable if all earnings were to remain in one corporation; thus contravening Section 269 of the Internal Revenue Code of 1954 (26 U.S.C. 269).[1] Prior to 1954, the towing business was owned by Esson Smith and Virginia Smith as a nonincorporated business.
 
 
 2
 Jurisdiction below rests on 28 U.S.C. 1346, and here on 28 U.S.C. 1291.
 
 
 3
 Appellants claimed they had several good and sufficient business reasons, other than the tax saving feature, to organize their business into three corporations. These related to (1) the preservation of the estate for the Smith family, and particularly for Terry Smith, by 'compartmentalizing' the risks involved; (2) personal property tax problems with the State of Oregon; (3) a tariff schedule of the Interstate Commerce Commission which required delivery of a lumber tow before billing.
 
 
 4
 The sole question before us on this appeal is the sufficiency of the evidence to support the jury's verdict. That verdict was based upon an acceptance of the tax avoidance advantages as the principal purpose of the transaction.
 
 
 5
 Unfortunately for taxpayers' position, their attorney, acting on their behalf, had filed a statement, sworn to by the Smiths, with the Interstate Commerce Commission, in support of their application for a transfer of their towing rights to two of the new corporations, (Defendants' Exhibit A, Tr. p. 12), and to prove such transfer was in the public interest. This document described the tax saving as 'one of the principal reasons' for the change. The government made full use of this document.
 
 
 6
 The Smiths' attorney admitted the tax saving 'was definitely a purpose'--'Whether it was Mr. Smith's principal purpose, I don't know, but as far as I was concerned, yes (it was).' (Tr. pp. 113-14.)
 
 
 7
 Appellants assure us that appellants' witnesses below were 'confused'; that the jury (though admittedly properly instructed in a manner to which no objection was or could have been made) was undoubtedly 'confused' and 'misled' by the government's emphasis on said Exhibit A; that this emphasis prevented 'a fair and true interpretation of the testimony explaining it.'
 
 
 8
 There is no merit in appellants' position. A determination of what is the principal purpose of the acquisition of a corporation is a question of fact. Kessmar Constr. Co. v. Commissioner, 336 F.2d 865 (9th Cir. 1964); Shaw Constr. Co. v. Commissioner, 323 F.2d 316 (9th Cir. 1963); Hawaiian Trust Co. v. United States, 291 F.2d 761 (9th Cir. 1961).
 
 
 9
 Our one task on an appeal such as this is to determine if there is reasonable evidentiary support for the jury's conclusion. Commissioner v. Duberstein, 363 U.S. 278, 290-91, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).
 
 
 10
 We are required to consider the evidence in the way that most favors the winning party below. United States v. Holland, 111 F.2d 949, 953 (9th Cir. 1946). We cannot reweigh conflicting evidence, or pass upon the credibility of witnesses. Kessmar Constr. Co. v. Commissioner, supra.
 
 
 11
 Granting there was sufficient evidence to prove that several purposes existed for the creation of the three corporations, one such purpose was tax avoidance. The jury decided that it was the principal purpose. Such determination is binding upon us.
 
 
 12
 Affirmed.
 
 
 
 [1]
 Section 269(a), as it existed in 1955, 1956 and 1957 (and prior to its February 26, 1964 amendment), reads as follows:
 '269. Acquisitions made to evade or avoid income tax '(a) In general.-- If--'(1) any person or persons acquire, or acquired on or after October 8, 1940, directly or indirectly, control of a corporation, or '(2) any corporation acquires, or acquired on or after October 8, 1940, directly or indirectly, property of another corporation, not controlled, directly or indirectly, immediately before such acquisition, by such acquiring corporation or its stockholders, the basis of which property, in the hands of the acquiring corporation, is determined by reference to the basis in the hands of the transferor corporation, and the principal purpose for which such acquisition was made is evasion or avoidance the benefit of a deduction, credit, or other of Federal income tax by securing allowance which such person or corporation would not otherwise enjoy, then such deduction, credit, or other allowance shall not be allowed. For purposes of paragraphs (1) and (2), control means the ownership of stock possessing at least 50 percent of the total combined voting power of all classes of stock entitled to vote or at least 50 percent of the total value of shares of all classes of stock of the corporation.'