S. ROBERT SILVERTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Silverton v. Commissioner
Docket No. 5213-76.
United States Tax Court
T.C. Memo 1978-22; 1978 Tax Ct. Memo LEXIS 490; 37 T.C.M. (CCH) 142; T.C.M. (RIA) 780022; January 19, 1978, Filed Vincent L. Alsfeld, for the petitioner. John O. Tannenbaum, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent has determined a deficiency in the amount of $3,983.40 in petitioner's income tax for 1974. Three issues are presented for decision: 1. Whether petitioner incurred expenses for travel away from home overnight in an amount in excess *491 of the reimbursement of $1,460 he received from his employer. 2. Whether petitioner has shown he is entitled to deductions for expenses incurred in the pursuit of a Master's Degree in Business Administration. 3. Whether petitioner has shown he made deductible charitable contributions during 1974 in a total amount in excess of $20. FINDINGS OF FACT 1. General
At the time he filed his petition, petitioner was a legal resident of Tilton, New Hampshire. He filed his Federal income tax return for 1974 with the Director, Internal Revenue Service Center, Andover, Massachusetts. 2. Travel Expense Deduction
During 1974, petitioner was employed as a pilot by Allegheny Airlines. In connection with his employment during that year, petitioner was required to and did spend 125 days in travel away from home overnight. To reimburse him for his travel expenses, incurred in 1974, Allegheny Airlines paid petitioner $1,460. On his Federal income tax return for 1974, petitioner claimed the following travel expense deductions: Meals ( $15 per day)
$1,875
Tips ( $3 per day)
375
Taxis ( $2 per day)
250
Miscellaneous ( $1 per day)
125
Ground transportation ( $1 per day)
125
Total
$2,750
*492 Petitioner has no records whatsoever, either in the form of bills, receipts, invoices, checks, charge account slips, diaries, ledgers, or journals, of any of the alleged expenses deducted on his 1974 return. 3. Education Expense Deduction
During 1974 petitioner was enrolled on a part-time basis at the Western New England College in Springfield, Massachusetts, in pursuit of a Master's Degree in Business Administration. He was not required by his employer to take this training. In this connection petitioner deducted the following expenses: Registration
$ 5
Tuition
375
Books
71
Travel expenses
1,200
Overnight expenses
600 During 1974 petitioner took courses in Behavioral Science and Financial Accounting. His position with Allegheny Airlines during that year was that of a pilot. He was not employed in any financial or management position. 4. Charitable Contributions
During 1974 petitioner made charitable contributions totaling $420. OPINION 1. Travel Expense Deduction
Section 162(a)(2) [1]/ allows as a deduction-- all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, *493 including * * * traveling expenses * * * while away from home in the pursuit of a trade or business. Section 62(2)(B) allows such expenses as deductions in computing adjusted gross income. However, under section 274(d), deductions are not allowable for traveling expenses, including meals and lodging while away from home-- unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, * * * [and] (C) the business purpose of the expense or other item * * *. See Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969). Petitioner has not substantiated any amount of his alleged traveling expenses. As stated in our Findings, he has no records of any kind to show the amount of the expenses he incurred, the time and place of his travel, or the business purpose of any of the expenses. Petitioner *494 argues, however, that the substantiation requirements of section 274(d) do not apply in this case since his claimed expense deductions did not exceed $25 per day. To support his position, petitioner cites I.R.S. Publication 463, Travel, Entertainment, and Gift Expenses (1977 ed.), p. 15, which states that: Documentary evidence is required to support all expenditures for lodging while traveling away from home and for any other expenditure of $25 or more * * *. However, that publication defines documentary evidence to mean "a receipt, paid bill, or similar evidence sufficient to support an expenditure." See sec. 1.274-5(c)(2)(iii), Income Tax Regs. That provision relieving a taxpayer of the necessity for obtaining receipts for expenditures of less than $25 does not also relieve him of the obligation to maintain "an account book, diary, statement of expense or similar record" to substantiate such expenses. Sec. 1.274-5(c)(2)(i), Income Tax Regs. See also sec. 1.274-5(e)(2)(iii), Income Tax Regs., regarding expenses in excess of reimbursements by employers. In view of petitioner's failure to substantiate any of his claimed expenditures in the manner prescribed by section 274(d) *495 and the related regulations, we must sustain respondent's disallowance of any deduction in excess of the $1,460 reimbursed by petitioner's employer. 2. Education Expense Deduction
Section 1.162-5(a), Income Tax Regs., provides that educational expenses, which are not incurred to meet minimum educational requirements of employment or qualify the taxpayer for a new trade or business, are deductible, even though they may lead to a degree, if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. Quite clearly petitioner's educational pursuits were not designed to meet the requirements of his employer or any law or regulation to which he was subject. And the evidence simply does not show that his business administration courses--Behavioral Science and Financial Accounting--taken during the year in issue, maintained or improved any skill required in his *496 employment as an airline pilot. Such courses had no direct or proximate relationship to the skills required in his employment. Carroll v. Commissioner,51 T.C. 213, 218-219 (1968), affd. 418 F.2d 91 (7th Cir. 1969). The deduction, therefore, must be denied. 3. Charitable Contributions
While petitioner had no documentary evidence to substantiate his claimed charitable contribution deductions other than a $20 check, we accept as true his testimony that he made charitable contributions in the total amount of $420 in 1974. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.