WADE H. ELLIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26136.   Promulgated March 26, 1929.

*Evert L. Bono, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

### OPINION.

LANSDON: The petitioner's first contention is that he should be allowed to take a deduction from gross income in the year 1922 in the

amount of $375 as ordinary and necessary expenses incurred in a trade or business. It is stipulated that this amount was spent by the petitioner in attending a meeting of the American Bar Association. Petitioner is a lawyer and is a member of such Association. In *Cecil M. Jack*, 13 B. T. A. 726, and *J. Bentley Squier*, 13 B. T. A. 1223, we held that expenses incurred by physicians in attending medical conferences and in consultation trips are deductible as business expenses. In *Marion D. Shutter*, 2 B. T. A. 23, we reached a similar decision in the matter of expenses incurred by a minister of the gospel in attending religious conferences. In *Alexander Silverman*, 6 B. T. A. 1328, we reached the same conclusion in respect of the expenses incurred by a college professor in matters pertaining to his specialty. We think such decisions govern here. The expense incurred by the petitioner in 1922, as set forth above, is a proper deduction from gross income for such year.

The deduction taken by the petitioner from his gross income in 1923 can not be allowed. That expense had no possible connection with the petitioner's income in such year. The purpose of the trip to Europe was not to serve or educate himself but to secure information for the Bar Association. The expenditure, though incurred at the request of the Association, was voluntary. It has not been shown that it was necessary and certainly it was not ordinary. On this point the evidence is not sufficient to overcome the presumption that the Commissioner's determination is correct. Cf. *Albert M. Briggs*, 7 B. T. A. 409.

Reviewed by the Board.

*Decision will be entered under Rule 50.*