S. Charles Lee v. Commissioner. Miriam Lee v. Commissioner.
S. Lee v. Commissioner
Docket Nos. 5562, 5563.
United States Tax Court
1946 Tax Ct. Memo LEXIS 225; 5 T.C.M. (CCH) 240; T.C.M. (RIA) 46079; April 5, 1946
*225 To the extent club dues were incurred for business reasons they are deductible as ordinary and necessary business expenses. S. Charles Lee, pro se. R. E. Maiden, Jr., Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies in income taxes for the year 1941, as follows: S. Charles Lee
$300.22
Miriam Lee
300.21 Of these deficiencies the petition put in issue only the amount of $78.25 as to each, the question thus raised having its origin in the respondent's action in disallowing as personal expenses, the sum of $474.25 dues paid to certain clubs and organizations. [The Facts] In this report when the word "petitioner" is used the reference is to S. Charles Lee, unless otherwise indicated. The petitioner is an architect, located in Los Angeles, California, who had an income from fees during the taxable year of $60,875.83. A large part of his business is the designing of motion picture theaters. The petitioner paid dues to clubs and organizations, as follows: Hillcrest Country Club
$266.40
Donald Duck Club
100.00
Variety Club
53.00
Pacific Coast Building Officials Con-
ference
5.00
State Association of Architects
10.00
*226 The Hillcrest Country Club is a club affording facilities for golf and tennis and having a restaurant. It had no swimming pool. It has a membership of approximately 500. Petitioner does not enjoy playing golf but occasionally played for business reasons. He joined this club purely for business reasons and uses it primarily for the purpose of making contacts which he hopes will be productive of business. The Donald Duck Club is a duck-hunting club consisting of 15 members, all of whom are closely associated with Fox West Coast Theaters. Prior to the formation of this club, petitioner did no hunting whatsoever and did not own a gun. He joined this club because he felt it would be good business to keep close contact with these people, who had proven to be a fertile source of business in the past. The club had no recreational facilities. The Variety Club maintained club rooms at the Ambassador Hotel and is composed, with the exception of petitioner and a few others, entirely of persons engaged in the exhibition of motion pictures. Petitioner felt that it would be a desirable business contact and joined for this reason. A large percentage of the members have either become clients *227 of petitioner or were otherwise productive of business. The Pacific Coast Building Officials Conference is a business organization and furnishes petitioner with various technical data in connection with his business as an architect. The State Association of Architects is a professional organization to which petitioner belongs. [Opinion] The law allows deduction of all ordinary and necessary expenses of carrying on a trade or business. It has been held that club dues may be deducted if certain tests are satisfied. Johnson v. United States, 45 Fed. Supp. 377; Louis S. Cohn Co., 12 B.T.A. 1281. It must appear that the original purpose of joining the club was for business reasons. The use made of the club must comport with this business purpose. The business aspect must be visible in the results of the club use. Since club membership dues are usually purely personal expenditures, the proof of a business purpose in the use of the club must be clear. The petitioner testified that he joined each of the above organizations for business reasons only. However, the proof that his use of the facilities of the clubs was exclusively dominated by business considerations *228 is not clear. While petitioner does not enjoy playing golf and does not play tennis, he occasionally plays golf with business friends. Petitioner has found membership in the several organizations productive of business and the record shows that a large percentage of all fees received for 1941 were from sources of contacts made in the above organizations. Notwithstanding these facts, we are not convinced that petitioner's use of the clubs was solely motivated by coldblooded business considerations. Although the evidence of purely personal or social use is scant, we are unable to conclude that his use of the three clubs named was without its social aspect. In this situation some allocation to business use and social use must be made. We are not concerned with initiation fees which may originally have been paid but with dues for current use. On the facts before us we hold that two-thirds of the above stated expenditures for dues in the three clubs were incurred for business reasons and are deductible as ordinary and necessary business expenses. The dues paid to the Pacific Coast Building Officials Conference and the State Association of Architects are deductible in full. See Wade H. Ellis, 15 B.T.A. 1075, *229 affirmed, 50 Fed. (2d) 343. Decisions will be entered under Rule 50.