SLIFKA v. COMMISSIONER OF INTERNAL REVENUE (two cases).

Nos. 164, 165, Docket 21513, 21514.

United States Court of Appeals Second Circuit.

Argued May 3, 1950.

Decided May 22, 1950.

Herman Goldman, New York City, Elias Rosenzweig, New York City, Herman M. Brauner, New York City, of counsel, for petitioner.

Charles Oliphant, Theron L. Caudle, Washington, D. C., Harry Baum, Washington, D. C., Ellis N. Slack, Lee A. Jackson, Special Assistants to Attorney General, for respondent.

Before L. HAND, Chief Judge, and CHASE and CLARK, Circuit Judges.

PER CURIAM.

The only question upon these appeals is whether the partnerships formed by the taxpayers in 1943 were within the statutory definition of that word.[1] The Supreme Court has recently three times dealt with similar situations,[2] and from these deci-

2. Commissioner of Internal Revenue v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L. Ed. 670, 164 A.L.R. 1135; Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679; Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659.

sions we understand that they present instances of the more general test laid down in Gregory v. Helvering:[3] i. e., whether an association, or joint venture, which satisfies all formal requirements and may be valid as between the parties, has been created to promote the conduct of their business in any other way than by reducing taxes. That this makes motive a test of taxability is true enough; but it is equally true that it makes it so only when the reduction of taxes is the sole motive. That does not mean that "business" may not be so conducted as best to keep down taxes; but it does mean that keeping down taxes is not of itself "business". We should not be justified in holding that, judged by that test, the Tax Court was "clearly erroneous" in holding that the "joint venture" at bar was not a "partnership."

Orders affirmed.

3. 293 U.S. 465, 55 S.Ct. 266, 70 L.Ed. 596, 97 A.L.R. 1355.