## GOODMAN v. COMMISSIONER OF INTERNAL REVENUE.

## JACOBY v. COMMISSIONER OF INTERNAL REVENUE.

### Nos. 84, 85, Dockets 22050, 22051.

United States Court of Appeals
Second Circuit.

Argued Dec. 2, 1952.

Decided Jan. 9, 1953.

Herbert Klosk, New York City, for petitioners.

Charles S. Lyon, Asst. Atty. Gen., Ellis N. Slack, Carolyn R. Just, Sp. Assts, to the Atty. Gen., for respondent.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

CHASE, Circuit Judge.

*The Goodman Petition.*

The question presented is whether the petitioner is liable for income taxes on that part of the profits of a family partnership which were reported in the partnership returns for 1943 and 1944 as distributable to his wife as her share of them as a limited

partner. The Tax Court found that the wife was not a partner and upheld the Commissioner's inclusion in the petitioner's gross income for each of the taxable years of the amounts so reported as distributable to his wife. It redetermined the deficiency accordingly.

The Wagner Company was created as a limited partnership under New York law in December 1941. The petitioner's father, Charles Goodman, the petitioner and George P. Wagner then became general partners and Charles Goodman's wife and his daughter, Mrs. Henry J. Jacoby, and Mrs. Wagner became limited partners.

■■■ In 1943, the Wagners desired to sell their interest in the partnership, and on November 23rd of that year the petitioner bought three-fifths of Wagner's share and Charles Goodman bought the remaining two-fifths. At the same time the petitioner's wife and Mrs. Jacoby each ostensibly purchased one-half of the limited partnership interest of Mrs. Wagner. The petitioner's wife paid Mrs. Wagner $3,000 which the petitioner gave her to be used for that purpose. She contributed neither money, property nor services to the partnership. Indeed, under New York law she could not have contributed any services and still be recognized as a limited partner. 38 (Partnership) McKinney's Consolidated Laws of New York Ann. Art. 8, § 93. Other evidence disclosed in considerable detail the facts concerning the situation of the petitioner's wife in regard to the partnership, and after considering all of the relevant evidence the Tax Court found that the wife never became a partner in the Wagner Company. In so doing it applied the test laid down in Commissioner v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L. Ed. 1659, which is whether, after giving due consideration to all the pertinent facts shown, the parties "in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise." This issue being one of fact, the decision of the Tax Court is to be given effect unless the record shows that it was clearly erroneous. Slifka v. Commissioner, 2 Cir., 182 F.2d 345; Morrison v. Commis-

sioner, 2 Cir., 177 F.2d 351. As the record does disclose substantial evidence to support the conclusion of the Tax Court that the petitioner's wife made no contribution to the partnership, and did not become a partner, we find no error in its decision that the profits of the partnership shown by the partnership return to have been distributable to her were taxable to the petitioner who supplied the money to purchase that part of the interest of Mrs. Wagner which was held in her name.

### The Jacoby Petition.

■■■ This petitioner claimed a deduction for medical expenses under Sec. 23(x) of the Internal Revenue Code. He proved that he spent $1,432.87 for medical expenses in the taxable year but did not show that such expenses were "not compensated for by insurance or otherwise" which is expressly made a statutory condition upon his right to the deduction. Since deductions are allowable only as Congress sees fit to permit them to be taken, full compliance with the permissive statute must be shown. New Colonial Ice Co. v. Helvering, 292 U. S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348. This burden is on the taxpayer. See White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172. The Tax Court was clearly right in disallowing the deduction because of his failure of proof.

■■■ It was only after the Tax Court disallowed the deduction that the petitioner sought to show that the medical expenses were not compensated for, and this by way of a motion for rehearing. That motion was denied and whether this was an abuse of discretion is the only issue now raised.

So far as appears, the motion for rehearing was supported only by the assertion of counsel for the petitioner that he neglected, through inadvertence, to introduce the necessary proof because of complications and confusion due to the consolidation in the Tax Court of this taxpayer's petition with those of others. However, we cannot hold as a matter of law that the Tax Court was bound to accept this assertion at face value, or if it did, to hold that it was bound to decide that the negligence was

adequately excused. Since a failure to condone inexcusable neglect is not an abuse of discretion, no error has been made to appear.

Each decision of the Tax Court is affirmed.