F. NEAL and ANITA I. KRAUSS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Krauss v. commissioner
Docket No. 1776-78.
United States Tax Court
T.C. Memo 1979-504; 1979 Tax Ct. Memo LEXIS 19; 39 T.C.M. (CCH) 725; T.C.M. (RIA) 79504; December 17, 1979, Filed F. Neal Krauss, pro se. Michael A. Mayhall, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency of $1,647.00 in petitioners' federal income tax for 1976. The only issue for our determination [1] is whether amounts F. Neal Krauss (hereinafter referred to as petitioner) paid for educational expenses are deductible under section 162. [2]
Petitioner has substantiated expenditures for tuition, books, *20 travel and lodging in the amount of $1,081. Respondent agrees that if the expenses fall within section 162, then that figure will be the amount allowable as a deduction. In addition, petitioner has conceded that these educational expenses were inadvertently claimed twice on his 1976 return. FINDINGS OF FACT Some of the facts have been stipulated and they are incorporated herein by this reference. At the time of filing the petition, petitioners resided in Point Pleasant, New Jersey. From 1971 until July of 1976, petitioner was employed by the Givaudan Corporation (Givaudan) in Clifton, New Jersey, as a salesman and account manager. Prior to his employment by Givaudan, petitioner studied chemistry for three years at Elizabethtown College in Pennsylvania. At Givauden petitioner was initially responsible for both chemical or "technical" sales, particularly the chemical hexachlorophene, and fragrance sales. After the Food and Drug Administration outlawed the use of hexachlorophene, petitioner worked exclusively in the area of fragrance and flavor sales. Consequently, petitioner's contact with the technical people who formulated cosmetics, toiletries and laundry detergents *21 decreased. Instead, petitioner came into increasing contact with individuals who had marketing and advertising backgrounds. Petitioner's duties included working with Givaudan's marketing staff. Through the use of computers, information would be obtained regarding the consumers of various products. Using the results of this marketing research, petitioner would suggest ideas to Givaudan's clients in his sales efforts. In effect, petitioner would act as a liaison between Givaudan's marketing staff and the marketing staff and product managers of its clients. Petitioner realized that the nature of his job was changing. In order to program and utilize the market research effectively, it was necessary to comprehend the way in which demographic and statistical analyses were programmed. To that end, in 1975 he enrolled in Syracuse University's Independent Studies Program. His planned course of study would culminate in the receipt of a Bachelor of Science degree in Marketing and Finance. The Independent Studies Program required petitioner's attendance at the University in Syracuse for approximately ten days with the remainder of the work being completed by correspondence. This *22 program had previously been approved by Givaudan for employee reimbursement. Petitioner's enrollment in the program was with Givaudan's approval; he was given time off to attend classes in Syracuse without any loss of vacation time. During his first semester in the Independent Studies Program petitioner completed the following three courses: ISP 120 ELEMENTARY CONCEPTS OF MODERN MATHEMATICS 1 (3) Beginning course in college mathematics. Includes logic and the nature of mathematical science, mathematical proof, number systems, algebraic structures, geometric concepts. Lectures and assignment work in residence; readings, assignments at home. ISP 340 INTRODUCTORY ECONOMICS (3) An introduction to economic theories and practices; principles of macro-economic theory, stabilization, growth policy and economic development. Lectures in residence; readings, research, papers at home. ISP 234 THE MANAGERIAL ENVIRONMENT (3) A study of the managerial environment and the role and conduct of managers. Topics include the classical, functional, behavioral, and systems approach to management. Seminar in residence; readings and papers at home. These courses were prerequisites for other *23 courses the program offered. In particular, the mathematics course was a prerequisite for a computer course petitioner intended to take. Petitioner left the employ of Givaudan in July of 1976 and was never reimbursed for the expenses he incurred in connection with taking these three courses. He did not continue in the Independent Study Program at Syracuse. OPINION Respondent has raised two objections to petitioner's claim for an educational expense deduction under section 162: 1. The course taken by petitioner were not directly related to petitioner's trade or business. 2. Even if the courses were directly related, they were part of a program of study which would qualify petitioner for a new trade or business. Petitioner of course maintains that section 162 and section 1.162-5, Income Tax Regs. entitle him to claim these expenses as deductions. Section 162 allows deductions for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Although not mentioned in section 162, expenses for education are specifically provided for in the regulations. [3]
*24 Generally, a taxpayer is allowed to deduct educational expenses undertaken for the purpose of maintaining or improving skills required for his employment. Section 1.162-5(a)(1), Income Tax Regs. However, even if the education maintains or improves skills required by the individual, if it is part of a program which would qualify the taxpayer for a new trade or business then the expenses are not deductible. Sections 1.162-5(b)(1), 1.162-5(b)(3), Income Tax Regs.Weiszmann v. Commissioner, 52 T.C. 1106 (1969). One of the general requirements relating to deductions claimed under section 162 is that the expenses must be ordinary and necessary and directly connected or pertaining to the taxpayer's trade or business. Sec. 1.162-1(a), Income Tax Regs. Thus, there must be a direct and proximate relationship between the educational expenses and the taxpayer's employment. Compare, Reed v. Commissioner, 35 T.C. 199 (1960). Deductions for education which merely increase general understanding and competency are not allowable. Carroll v. Commissioner, 51 T.C. 213 (1968), affd. 418 F. 2d 91 (7th Cir. 1969). Respondent has characterized *25 the coaurses here at issue in this manner and argues that they bore no direct relation to the skills petitioner needed for the performance of his duties with Givaudan. We agree with the respondent since petitioner has failed to satisfy his burden of proof as to the nexus between the educational expenses and his trade or business. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner testified that the nature of his job had changed. Since he was no longer involved in the sale of chemical or technical products, petitioner worked primarily with people who were trained in advertising and marketing techniques. In an effort to better comprehend the logistics underlying marketing research and data, he enrolled in Syracuse University's Independent Studies Program with Givaudan's blessing and completed the courses that are here in issue. While we have found as a fact that the Syracuse program had been previously approved by Givaudan for employee reimbursement, this fact alone does not necessarily provide the required nexus between the nature of the Syracuse University course of study and petitioner's fragrance-selling *26 activities. Corporate reimbursement for employee educational self-improvement would normally be deductible by the employer as compensation (within the usual limitations of reasonableness, etc.) and taxable as such to the employee, but inclusion of such reimbursement under the rubric (educational expenses" does not in and of itself supply the necessary nexus. [4]
In our opinion, the requisite nexus is lacking between the courses for which petitioner incurred the expenses and his fragrance-selling activities. Although later courses in the program, particularly those dealing with computer programming and marketing, possibly would have been more directly related to petitioner's sales tasks at Givaudan, the courses taken in the case before us were not. They were merely general introductory courses whose relationship to petitioner's employment activities was tenuous at best. Their status as prerequisites to other courses that might have been directly related to petitioner's employment activities *27 cannot provide the required proximity. [5]
As the educational expenses ere not directly related to petitioner's employment as a fragrance salesman, we need not consider respondent's alternative contention that the courses were part of a program of study which would qualify petitioner for a new trade or business. Decision will be entered under Rule 155. Footnotes
1. Respondent has conceded that a deduction for a claimed interest expense in the amount of $2,559.63 should be allowed. ↩
2. Unless otherwise provided, all section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years in question.↩
3. § 1.162-5. EXPENSES FOR EDUCATION. (a) General rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b) (2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. (b) Nondeductible educational expenditures-- (1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures, or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. * * *
(3) Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. For this purpose, all teaching and related duties shall be considered to involve the same general type of work. The following are examples of changes in duties which do not constitute new trades or businesses: (a) Elementary to secondary school classroom teacher. (b) Classroom teacher in one subject (such as mathematics) to classroom teacher in another subject (such as science). (c) Classroom teacher to guidance counselor. (d) Classroom teacher to principal. * * *
(c) Deductible educational expenditures-- (1) Maintaining or improving skills↩. The deduction under the category of expenditures for education which maintains or improves skills required by the individual in his employment or other trade or business includes refresher courses or courses dealing with current developments as well as academic or vocational courses provided the expenditures for the courses are not within either category of nondeductible expenditures described in paragraph (b)(2) or (3) of this section.
4. Respondent has not challenged petitioner's deduction on the grounds that petitioner is not entitled to a deduction for which reimbursement from the employer was available but not claimed.↩
5. A course-by-course analysis of proximity was suggested by the Court of Appeals in Carroll at 418 F. 2d 91, 95 (1969): * * * a currently employed taxpayer such as petitioner might be allowed to deduct the cost of college courses which directly relate to the duties of his employment. If such courses were taken along with other, more general courses, their cost, or that part of the tuition representing their cost, would be deductible under § 162(a)↩. In the instant case, however, petitioner does not claim that any particular course in which he was enrolled in 1964 bears any greater relationship to his job skills than the others. [Fn. ref. omitted.]