EVA D. GARDNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gardner v. Commissioner
Docket No. 4824-81.
United States Tax Court
T.C. Memo 1983-541; 1983 Tax Ct. Memo LEXIS 245; 46 T.C.M. (CCH) 1283; T.C.M. (RIA) 83541; September 1, 1983. *245 In 1977, P, a college professor, claimed deductions for miscellaneous business expenses, travel and transportation expenses, medical expenses, and casualty and theft losses. Held:
(1) P's miscellaneous business expenses determined. (2) P may not deduct the costs of attending a convention in Minnesota since she failed to prove the amount of her unreimbursed expenses. P may not deduct amounts claimed for airfare, meals and lodging, telephone, and taxi expenses since she failed to substantiate such expenses under sec. 274(d), I.R.C. 1954. However, P may deduct the registration fee for an interterm conference since she substantiated the expense. P's automobile business mileage determined. (3) P may deduct $2,218.77 for the cost of hospitalization since she proved that she was not compensated by insurance. However, P may not deduct the costs of doctor and dentist treatment, nor the cost of a special chair since she failed to prove these expenses were not compensated by insurance. P may not deduct the cost of household help, nor the cost of heating and cooling her home, as medical expenses. Secs. 213, 262, I.R.C. 1954. *246 (4) Amount of theft and casualty losses determined. (5) P is liable for the addition to tax under sec. 6653(a), I.R.C. 1954, for negligence. Eva D. Gardner, pro se. Helen T. Repsis, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency in the petitioner's Federal income tax for 1977 of $6,711.47 and an addition to tax of $335.57 pursuant to section 6653(a) of the Internal Revenue Code of 1954. [1] After concessions, the issues for decision are: (1) Whether the petitioner is entitled to deduct miscellaneous business expenses in excess of those allowed by the Commissioner; (2) whether the petitioner is entitled to deduct employee travel and transportation expenses in the amount of $3,508.66; (3) whether the petitioner is entitled to a deduction for medical expenses in the amount of $4,310.00; (4) whether the petitioner is entitled to a deduction for casualty and theft losses in the amount of $1,125.00; and (5) whether the petitioner *248 is liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Eva D. Gardner, was a legal resident of Denton, Tex., at the time she filed her petition in this case. She filed her individual Federal income tax return for 1977 with the Internal Revenue Service, Austin, Tex. The petitioner was employed as a teacher of education by Texas Woman's University (the university) at Denton, Tex., during 1977. The university did not provide all the supplies or educational materials which the petitioner used in her classes. During 1977, the petitioner incurred unreimbursed expenses for such items. The Commissioner has conceded that she incurred deductible expenditures of $818.96 for such expenses, and we find that she has incurred additional expenses of $37.52. In 1977, the petitioner also spent $20.19 for refreshments for an open house held at the university. During 1977, the petitioner paid membership dues to the American *249 Association of University Women (AAUW) of $22.75, to the Denton branch of the AAUW of $6.00, and to the National Education Association (NEA) of $55.00. The petitioner held a membership card from The Delta Kappa Gamma Society, an honorary society of women educators, for the years 1976-1977, upon which she had typed "Pd. Cash $23.50 2/77." For 1977, the petitioner deducted $101.93 (in excess of the amount allowed by the Commissioner) for supplies, materials, and refreshments, $91.00 for membership dues, and $135.56 for postage and stamps, as miscellaneous deductions. The Commissioner disallowed the deductions, stating that they had not been adequately substantiated as to amount or deductibility. In March 1977, the petitioner attended a meeting of the Association for Supervision and Curriculum Development (ASCD) in Houston, Tex. She attended a convention of the Association for Childhood Education International (ACEI) held in Minneapolis, Minn., between April 8 and 14, 1977. The petitioner paid a $56 registration fee to attend the ACEI convention. She received reimbursement from the university for some of the costs of this trip. In May 1977, the petitioner attended an "interterm" *250 held by Our Lady of the Lake University (Our Lady) in San Antonio, Tex.The interterm consisted of courses about Mexico as well as a trip to Mexico. The petitioner paid $585 to Our Lady for "registration, tuition, fees, and transportation." During the spring of 1977, the petitioner taught some classes for the university away from the Denton campus. The university reimbursed the petitioner for her transportation to these classes. The petitioner also used her car to transport her students to public schools to work with school children. This "field experience" was required as part of the petitioner's teaching. The petitioner was required to attend meetings of the North Texas Area Federated Universities, of which the university was a member, in Commerce and Dallas, Tex. She drove her car to these meetings. The petitioner also drove to meetings with students and to locate books and compile bibliographies for her classes. The petitioner claimed employee business expense deductions for her travel and transportation expenses in the following amounts for 1977: Airfare
$ 480.00 Meals and lodging (41 days)
1,716.75 Automobile expenses (8,150
miles, parking, tolls)
1,460.50 Conference registration
381.00 Telephone
9.10 Taxi
39.60 Less: reimbursement
(578.29)
$3,508.66 *251 The Commissioner disallowed the deduction in its entirety. During 1977, while the petitioner was covered by medical insurance issued by Blue Cross/Blue Shield (the insurer), the petitioner incurred the following expenses: Doctors, dentists, and clinics
$756.75
Hospitalization
2,218.77
Heat and massage chair
952.61
Home heating and cooling
634.01
The petitioner purchased the chair, which appeared to be an ordinary recliner but which also provided heat and massage, upon the recommendation of her doctor for the treatment of neck and back injuries. The petitioner's doctors recommended that she maintain the temperature in her home at approximately 75 degrees year round to alleviate her allergies. The petitioner deducted the following amounts as medical expenses for 1977: Doctors, dentists, nurses
$952.61
Hospital
2,218.00
Chair
952.61
Household help
338.66
Heating and cooling
576.64
Transportation to doctors
20.35
(405 miles at 7 cents)
These expenses resulted in the petitioner claiming a medical deduction of $4,209.24, which the Commissioner disallowed in full. On January 7, 1977, vandals broke into an office building *252 in Dallas, Tex., where the petitioner had stored some personal property. The vandals stole a stool, a horse figurine, a strand of pearls, some cloth, and some clothing which belonged to the petitioner. The vandals damaged two trunks and mutilated several items of the petitioner's clothing. On March 4, 1977, one of the petitioner's poodles was stolen.The dog was from a championship bloodline, and the petitioner paid $300 to obtain it. For 1977, the petitioner deducted $1975 for the theft and mutilation of her personal property and $150 for the theft of her poodle. The Commissioner disallowed both deductions in full, claiming that the petitioner had not substantiated the amount of the losses. The petitioner has conceded that for 1977 she failed to report interest income of $4,135.00, dividend income of $27.00, and rents of $2,300.00. The Commissioner has conceded that the petitioner incurred deductible miscellaneous expenses of $694.52 for depreciation, $77.70 for typewriter repair, and $300.00 for secretarial services, in addition to the $818.96 for supplies and educational materials. OPINION The first issue for decision is whether the petitioner is entitled to a deduction *253 of $328.56 in excess of the amount allowed by the Commissioner for miscellaneous business expenses. The petitioner has the burden of disproving the Commissioner's determination. Rule 142(a), Tax Court Rules of Practice and Procedure[2]; Welch v. Helvering,290 U.S. 111 (1933). Section 162 provides a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," including the trade or business of an employee. McGowan v. Commissioner,67 T.C. 599, 611-612 (1976); Primuth v. Commissioner,54 T.C. 374, 377 (1970). The furnishing of supplies and materials to supplement those provided by a school may constitute an important part of the duties of a university professor and can constitute an ordinary and necessary business expense. Jefferson v. United States, an unreported case ( N.D. Ga. (Sept. 10, 1973) 74-1 U.S.T.C. par. 9205, 32 A.F.T.R. 2d 73-6053 *254 (Oct. 31, 1973)). [3]
Faculty members at the university were expected to provide class materials and some office supplies at their own expense. At trial, the petitioner testified with particularity to various expenditures for supplies and course materials. She also produced cancelled checks to corroborate her testimony. The petitioner proved that she incurred deductible expenditures in the amount of $37.52 for supplies and course materials, in addition to the amounts allowed by the Commissioner for such purposes. The petitioner also spent $20.19 on refreshments for an open house at the university. She testified that she was "responsible" for refreshments. She introduced no evidence concerning whether such an expenditure was required by her employer or whether it was usual and customary for professors at the university to provide refreshments for such events. The petitioner has failed to prove that the payment for refreshments was ordinary and necessary, and hence, she may not deduct that expenditure. *255 Dues to professional societies are deductible as business expenses. Secs. 1.162-6, 1.162-15(c), Income Tax Regs. Accordingly, the petitioner is entitled to a deduction for her $55 payment to the NEA. However, she has failed to prove that the AAUW national and local constituted "professional societies" with membership limited to the field of education, and the petitioner may not deduct her payments to them. Cf. Ellis v. Commissioner,15 B.T.A. 1075 (1929), affd. 50 F. 2d 343 (D.C. Cir. 1931). Finally, the petitioner has failed to substantiate the amount or date of her payment to The Delta Kappa Gamma Society and is entitled to no deduction therefor. The petitioner testified in support of a deduction of $135.56 for postage. In addition, she claimed for the first time at trial a deduction of $34.33 for long distance telephone calls to students and a deduction of three-quarters of her monthly telephone service charge for the business use of her telephone. The petitioner testified that she incurred the postage expense mailing letters, post cards, and papers to students.She submitted a sheet containing *256 dates and dollar amounts totaling $135.56 and two checks payable to the "U.S. Post Office" (one of which corresponds to an expense on the sheet) totaling $39.00. The petitioner testified that she "tried to keep" her business and personal postage separate, but otherwise introduced no evidence to show that the amounts reflected on the ledger sheet were actually used for a business purpose.Similarly, the petitioner failed to justify her claimed deduction of three-quarters of her telephone service charge; she introduced no evidence to show how much of her telephone expense was attributable to her business use of the telephone. The deduction for the cost of long distance calls rests on an equally flimsy footing. In 1981, the petitioner prepared a list of her 1977 long distance calls which she claimed were for purposes related to her employment. She testified that she prepared the list from her 1977 phone bills, concluding that calls to numbers she did not (in 1981) recognize were "possibly" business phone calls. On this record, the petitioner has failed to prove the amount or deductibility of any 1977 expenses for postage and telephone calls. The second issue for decision is whether *257 the petitioner is entitled to deduct certain expenses which she claimed for business travel and local transportation. The petitioner spent $180 to fly to Minneapolis for the ACEI convention and $56 to register for the convention. However, she testified that some of the expenses that she incurred on that trip were reimbursed by the university. She did not prove the extent of her unreimbursed expenses and has failed to carry her burden of proof concerning the deductibility of any amounts spent in attending the ACEI convention. [4]
Section 274(d) imposes substantiation requirements upon the deductibility of expenses incurred for travel away from home in pursuit of a trade or business. Such section requires that the taxpayer substantiate "by adequate records or by sufficient evidence corroborating his own statement," the amount, time, place, and business purpose of each expense. See sec. 1.274-5(b)(2), Income Tax Regs. *258 Regulations promulgated pursuant to the statute provide that in order to meet the "adequate records" requirement, a taxpayer must maintain an account book, diary, statement of expense, or similar record prepared contemporaneously with the expenditure and documentary evidence, such as receipts or paid bills. These records must be sufficient to establish each element--amount, time, place, and business purpose--of an expenditure. Sec. 1.274-5(c), Income Tax Regs.
In the absence of adequate records to substantiate each element of an expense, a taxpayer may alternatively establish such element by his own oral or written statement, containing specific information in detail as to such element, and by other corroborative evidence sufficient to establish such element. Sec. 1.274-5(c)(3), Income Tax Regs.[5]
*259 In enacting section 274(d), the intent of Congress was to "insure that no deduction is allowed solely on the basis of * * * [a taxpayer's] own unsupported, self-serving testimony." S. Rept. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707, 741. At trial, the petitioner introduced as a diary of her travel expenses the April and May pages from a 1977 calendar upon which she had written unidentified amounts for several days, and monthly totals for transportation, meals, lodging, and incidentals. The petitioner admitted that this "diary" was prepared in 1981, 4 years after the expenditures it reflected were incurred. Since this record was not prepared "at or near the time of the expenditure" (section 1.274-5(c)(2)(ii)(a), Income Tax Regs.), it cannot be used to satisfy the "adequate records" requirement of section 274(d). The petitioner also produced a sheet labeled "summary log from back of calendar" which listed the totals that the petitioner spent at various meetings for transportation, meals, lodging, and incidentals.The petitioner failed to prove that this record was made at or near the time of the expenditures it recorded. Furthermore, the summary did *260 not indicate the amount, time, or place of each separate expenditure, nor did it provide daily totals for meals and incidentals. This summary is also insufficient to satisfy the adequate records requirement. Finally, the petitioner's documentary evidence consisted of two receipts and various canceled checks, most of which were in payment of conference registration fees. Under these circumstances, the petitioner has failed to substantiate any of her travel expenses by "adequate records." The petitioner has also failed to substantiate most of her business travel expenditures under the alternative procedure. She did not testify with particularity to, nor corroborate, any of her claimed expenses for meals, lodging, taxi, or telephone. The petitioner testified that she paid $35 in cash to register for the ASCD national meeting but she did not corroborate that expense. On the other hand, the petitioner has substantiated by sufficient evidence the registration expense for the inter-term at Our Lady. She testified that she paid $594 to attend the course between May 8 and 30, 1977, at Our Lady campus in San Antonio. She produced a receipt acknowledging both her payment of that amount *261 and her attendance, but she only produced checks payable to Our Lady in the amount of $585. The Commissioner conceded the business purpose of the expense. Thus, the petitioner is entitled to a deduction for the inter-term registration of $585. The petitioner also deducted employee business expenses attributable to the operation of her car in 1977. On her return, she claimed a deduction for 8,150 business miles, parking and tolls of $52.50, and interest and taxes attributable to the business use of her car in the amount of $22.50. At trial, the petitioner increased her claimed business miles to 11,195. The petitioner claimed her business mileage was attributable to four types of driving: out-of-town classes, overnight travel, day travel, and "field experience." The petitioner testified that she was reimbursed by the university for the cost of driving to teach her out-of-town classes. Consequently, she may not deduct any amount for such transportation. In addition, the petitioner failed to substantiate her overnight travel expenses by adequate records or sufficient evidence. The petitioner *262 produced no evidence concerning the time, place, or business purpose of any individual trip and has not sustained her burden of proof with respect to such overnight travel. Sec. 1.274-5(b)(2), Income Tax Regs.
The university required the petitioner to drive her students to public schools to work with school children. The university did not reimburse her for providing the transportation necessary for "field experience." The petitioner introduced a list of monthly mileage totals for field experience for a total of 230 miles in 1977 but did not offer any evidence concerning individual trips.Nor did the petitioner prove that none of the field experience mileage represented nondeductible commuting. Secs. 1.262-1(b)(5), 1.162-2(e), Income Tax Regs. Nevertheless, we conclude that the petitioner incurred some deductible mileage for field experience during 1977. Although the paucity of evidence in the record upon which to base an allocation bears heavily against the petitioner ( Cohan v. Commissioner,39 F. 2d 540, 544 (2d Cir. 1930)), we hold that she may deduct the cost of 120 miles for field experience. Finally, the petitioner claimed *263 that she drove 3,500 business miles during 1977 for miscellaneous day trips related to her job. She did not testify about any specific trip. She submitted an itemized list containing the date, destination, mileage, and purpose of each trip. The entries were not entirely chronological, indicating that the list was not prepared at or near the time the trips occurred. The petitioner testified that she determined the mileage from a State mileage chart and not from her odometer. Moreover, we not that several substantial trips occurred on days when the petitioner was scheduled to teach at the university's Denton campus. For these reasons, we accord little weight to the petitioner's list. Nevertheless, the petitioner's duties included attendance at Federation meetings and conferences, and her transportation expenses for such attendance were not reimbursed by the university. We conclude that the petitioner drove 500 miles for such purposes in 1977. Cohan v. Commissioner,supra.
The petitioner introduced no evidence at all regarding the amounts claimed for tolls, parking fees, taxes, and interest and has not sustained her burden of proof with respect to those *264 items. The third issue for decision is whether the petitioner is entitled to a deduction of $4,209.24 for medical expenses. Section 213(a) provides a deduction for medical expenses that are "not compensated for by insurance or otherwise." Medical expenses include those incurred for "the diagnosis, cure. mitigation, treatment, or prevention of disease" and "for the purpose of affecting any structure or function of the body or for transportation primarily for and essential to medical care." Sec. 1.213-1(e)(1), Income Tax Regs.
During 1977, the petitioner was covered by medical insurance. The Commissioner contends that the petitioner failed to prove that her medical expenses were not paid for by the insurer. The petitioner testified that the insurer paid none of her medical expenses. The petitioner introduced a memo from the insurer stating that her "hospital confinement of 6/25/77 was not covered by * * * [the insurer] so she reimbursed the company for the hospital charges." She also produced checks showing that she had paid at least part of such expenses. *265 Accordingly, we conclude that the insurer did not compensate the petitioner for her hospital expenses of $2,218.77 and that she is entitled to treat such amount as a medical expense for purposes of section 213(a). However, the petitioner introduced no evidence beyond her own testimony to prove that the insurer did not pay the $756.75 for doctors and dentists or the $952.61 for the heat and massage chair. She could not explain why her medical insurance did not cover those expenses. We are not required to, nor do we, accept the petitioner's improbable and uncorroborated testimony on this issue. Quock Ting v. United States,140 U.S. 417 (1891); Archer v. Commissioner,227 F. 2d 270, 273 (5th Cir. 1955), affg. a Memorandum Opinion of this Court. Accordingly, the cost of the chair and the doctors' and dentists' services do not qualify for the deduction under section 213(a). Goodman v. Commissioner,200 F. 2d 681 (2d Cir. 1953). On her 1977 income tax return, the petitioner also claimed as medical deductions $338.66 for household help *266 and $576.64 for electricity and gas used for heating and cooling.She introduced no evidence to corroborate her testimony regarding the amount she spent for household help and has failed to prove the amounts of any such payments. Hence, the petitioner may not deduct any amount for the cost of household help, and we need not decide whether the alleged expenses would be deductible if they had been proved. The cost of maintaining a household, including amounts paid for utilities, are personal expenses which are usually not deductible. Sec. 1.262-1(b)(3), Income Tax Regs. The medical expense deduction provided by section 213 is strictly confined "to expenses incurred primarily for the prevention or alleviation" of illness, and expenditures which are "merely beneficial to the general health of an individual" are not deductible. Sec. 1.213-1(e)(1)(ii), Income Tax Regs., cf. Commissioner v. Bilder,369 U.S. 499 (1962). To support her deduction for the cost of heating and cooling, the petitioner introduced two letters from her *267 allergy doctors stating that home heating, air conditioning, and air cleaning were necessary for the treatment of the petitioner's respiratory allergies. The doctors recommended that the petitioner maintain the temperature in her home at about 75 degrees all year. The petitioner has failed to prove that the cost of heating her home was incurred "primarily for the prevention or alleviation" of illness. See sec. 1.213-1(e)(1)(ii), Income Tax Regs. Indeed, the petitioner has failed to prove that the cost of heating her home was not primarily motivated by her desire to keep warm. While beneficial to her general health, the heating of the petitioner's home does not create a deductible medical expense. The Commissioner concedes that the cost of operating an air conditioner and an electronic air cleaner installed pursuant to a doctor's recommendation may constitute a deductible medical expense but only to the extent that such costs exceed the amount that would be required in the absence of the need for treatment. We agree. Where a usually nondeductible living expense *268 is incurred primarily for the alleviation of an ailment, a medical deduction is allowable only to the extent of the excess cost attributable to the medical purpose. See Randolph v. Commissioner,67 T.C. 481 (1976); Harris v. Commissioner,46 T.C. 672 (1966). [6] The petitioner has not demonstrated what portion of her utility payments was attributable to the cost of operating the air conditioning and cleaning system and has utterly failed to demonstrate that such cost was greater than it would have been but for her allergic condition. Accordingly, the deduction for cooling was properly disallowed. Finally, the petitioner failed to introduce *269 any evidence concerning the cost of her transportation to doctors' offices and is not entitled to a deduction for such cost. The fourth issue for decision is whether the petitioner is entitled to a deduction of $1,125 for thefts and casualties which occurred during 1977. The Commissioner agrees that the thefts and casualties occurred but maintains that the petitioner has failed to substantiate the amount of each loss. Section 165 permits a deduction for losses, in excess of $100 and not compensated for by insurance or otherwise, resulting from casualty or theft. Sec. 165(c); sec. 1.165-7 (b)(4), Income Tax Regs. For purposes of the deduction, the amount of the loss is the lesser of the fair market value of the property immediately before the casualty or theft reduced by the fair market value of the property immediately after the casualty or theft, or the adjusted basis of the property. Sec. 1.165-7(b)(1), Income Tax Regs.
The petitioner testified that the stolen poodle was less than one year old, a desirable dark apricot color, *270 and of a championship bloodline. She testified that she paid $300 to acquire the dog and that similar poodles sold for at least $500. The petitioner estimated the value of the dog immediately prior to the theft to be $250. We conclude that the petitioner has sustained her burden of proof regarding the value of the dog. Accordingly, the petitioner may deduct $150 for the theft. To substantiate the loss that she sustained as a result of the vandalism and theft of her personal property on January 7, 1977, the petitioner submitted a list showing each item, its cost, its value prior to the theft or casualty, and its value after the theft or casualty. She testified that the cost figures were determined "to the best of * * * [her] recollection" but she failed to document her estimates of costs and values. Many of the items stolen or mutilated were items of clothing which the petitioner valued, immediately prior to the loss, at 80 to 90 percent of their cost. We find the petitioner's conclusory estimates of such values excessive. After reviewing the record, we conclude that the petitioner sustained a loss from the vandalism and thefts of $325. Accordingly, she may deduct $225 for *271 such loss. The petitioner presented a new claim and increased two of her other claims in her brief. She requested that this Court allow her the benefit of income averaging for 1977. Even if the petitioner's claim were timely, there is no evidence of the petitioner's correct taxable income for the base period years preceding 1977, and accordingly, the petitioner may not utilize income averaging for 1977. Sec. 1302(c)(3); see Unser v. Commissioner,59 T.C. 528 (1973). The petitioner increased the amounts she claimed for depreciation and investment tax credit relating to typewriters that she purchased in 1977. The claim for the additional amounts, made for the first time on brief, is untimely since the Commissioner has had no opportunity to refute it. Aero Rental v. Commissioner,64 T.C. 331, 338 (1975); Nash v. Commissioner,31 T.C. 569, 574 (1958). The petitioner also claimed that certain payments were not accounted for in determining *272 her medical expenses. The evidence she relied on in each instance consisted of a check and a receipt to the same person and in the same amount, and we are not convinced that these documents evidenced two separate payments. Finally, the petitioner submitted with her brief some alleged receipts to substantiate her expenses for household help. Such documents do not constitute evidence and cannot be considered as a part of the record in this case. Rule 142(b); West 80th Street Garage Co. v. Commissioner,12 B.T.A. 798 (1928); Lyon v. Commissioner,1 B.T.A. 378 (1925). The fifth issue for decision is whether the petitioner is liable for an addition to tax under section 6653(a). Such section provides an addition to tax of 5 percent of the underpayment of tax if any portion of such underpayment is due to negligence or to an intentional disregard of rules and regulations. The petitioner bears the burden of proving that the addition to tax does not apply. *273 Rule 142(a); Bixby v. Commissioner,58 T.C. 757, 791 (1972). The petitioner failed to report substantial amounts of interest, dividends, and rental income. She claimed that she was away from home in early 1978 because of a prolonged illness and that some of her mail, including some Forms 1099, was not forwarded. She also stated that she was upset by the death of a cousin during early 1978. While the petitioner was under some physical and emotional stress during early 1978, we are not convinced that such stress was responsible for her failure to report over $6,000 of interest and rental income. The petitioner is an intelligent woman; interest in the amounts received by her in 1977 required considerable capital, and we find it difficult to believe that the petitioner did not realize that she received substantially more interest than she reported. In addition, the petitioner had sufficient presence of mind to file a complicated return for 1977, containing many pages of supporting schedules and exhibits, on February 27, 1978. Finally, the fact that the petitioner had omitted over $1,700 of interest income from her return for 1976 further indicates that her *274 omissions of 1977 income were not solely attributable to the misfortunes that she suffered in 1978.See, e.g., Harris v. United States,431 F. Supp. 1173, 1181 (E.D. Va. 1977). Moreover, the petitioner claimed many deductions to which she was not entitled or which she could not document. She excused her failure to produce documentation by stating that her illness made it difficult for her to bend and lift so that she could not adequately search her records. She also claimed that records of her travel expenses had been removed from her office. The petitioner did not indicate what had happened to the records removed from her office, nor why she could not have had someone to help her produce the records that she had at home. In light of all the circumstances, we hold that the petitioner has failed to prove that no part of her underpayment of tax for 1977 was due to negligence. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1977.↩
2. All references to a Rule are to the Tax Court Rules of Practice and Procedure.↩
3. See also Edgar v. Commissioner,T.C. Memo. 1979-524; Feinstein v. Commissioner,T.C. Memo. 1970-288↩.
4. See Hall v. Commissioner,T.C. Memo. 1980-576, affd. without published opinion 676 F. 2d 692↩ (4th Cir. 1982).
5. The petitioner has not demonstrated "exceptional circumstances" or that her records were destroyed by circumstances beyond her control, such as fire, flood, earthquake, or other casualty and may not prove her expenditures under the relaxed substantiation requirements provided by sec. 1.274-5(c)(4) and (5), Income Tax Regs.↩
6. See Lipp v. Commissioner,T.C. Memo. 1981-337. The petitioner does not claim that the cost of purchasing the air conditioner is deductible under sec. 213, and we need not determine whether the petitioner has proved the extent, if any, to which such cost exceeded the increase in value of the property to which the air conditioner was attached. See Wallace v. United States,439 F. 2d 757 (8th Cir. 1971); Gerard v. Commissioner,37 T.C. 826↩ (1962).