Catherine W. **ELLIOTT**, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 10175.**

United States District Court
W. D. New York.

Dec. 15, 1965.

Frederick M. Hunt, Dundee, N. Y., for plaintiff.

John T. Curtin, U. S. Atty. (John Mulano, Attorney, Department of Justice, Washington, D. C., of counsel), for defendant.

HENDERSON, District Judge.

On her 1960 income tax return the plaintiff claimed a business loss incurred in her avocation as a harpist. After field audit, by notice dated October 18, 1962 her claim was disallowed. Plaintiff then exhausted her administrative remedies without success, paid the deficiency, and commenced this suit for a refund. Although these cases often affect rights involved in the years intervening before trial and in the future, in this case it appears that the parties have largely resolved any such disputes.

The Government, however, claims that the 1960 expenses claimed by the taxpayer should be characterized as being attributable to education preparatory to the taxpayer's resuming her activity as a harpist. The plaintiff, on the other hand, claims that the expenses are attributable to her maintaining and improving her skill.

The plaintiff graduated from the Eastman School of Music in 1931 and for a time was fairly actively engaged as a harpist. Although her marriage in 1934 curtailed her professional activity, until late in 1959 she continued to fill in on occasion with various orchestras and otherwise performed for a fee, but she largely involved herself with charitable and other voluntary performances without a fee. Through these years other demands on her time were considerable. She had two children and during the war her husband was drafted and, in his absence, she was forced to take over his business for two years. Even during the war period, however, on three or four occasions she sought expert professional assistance for the purpose of maintaining and improving her skill. With the death of her husband in 1956, the task of raising her children and running the business again fell completely on her shoulders. In late 1959, however, she decided that she would increase her activity as a professional harpist with a view to making the use of her skill financially rewarding.

To succeed in making this a profitable venture she felt she needed to increase her repertoire to secure more orchestra and concert dates and, accordingly, she sought substantial expert professional assistance. This assistance, while in part necessary to maintain her professional proficiency, was largely sought to increase that proficiency.

Finding:

(1) That the plaintiff was employable and did work as a concert harpist from 1931 to date and at all times had the necessary ability and proficiency to compel payment for her services;

(2) That the plaintiff, from 1959 and thereafter, was engaged in a business or profession, i. e., concert harpist, partially and primarily motivated by the expectation of profit from such activity and that such business or profession could reasonably be expected to produce a profit;

(3) That Marcel Grandjany of New York City was and is an outstanding figure as a teacher, composer, and

performer in the "harp" world and one of the few persons in that world capable of giving valuable instruction to the plaintiff to maintain or improve her proficiency as a harpist;

(4) That the instruction from Marcel Grandjany was undertaken primarily to improve her technique, fingering and methods of execution, and for coaching in the best method of performing particular harp numbers;

(5) That it is customary in plaintiff's profession for concert harpists, to maintain their skill or improve their proficiency, to annually take a various number of lessons from an acknowledged superior in that field;

(6) That taking lessons from Marcel Grandjany, as the premier harp instructor in this country, was professionally advantageous to the plaintiff and could be expected to increase the size of the fees chargable for her performances;

■ (7) That plaintiff's present concert harp is a depreciable business asset, and in 1960 it had a fair market value and a basic cost to plaintiff of $2600; that thereafter, the deduction of $200 per year for thirteen years is a reasonable allowance for the depreciation thereof;

■ (8) That repairs to plaintiff's harp, strings, music, insurance on and transportation of the harp, and playing costumes are legitimate business expenses and deductible by plaintiff in the practice of her profession;

■ (9) That the cost of the lessons was $20; that transportation from Dundee to New York City was $12.95 (midweek round-trip train fare); and that meals and lodging (one night), although not claimed on the return, are deductible.

(10) That the above expenses were incurred involuntarily;

the court concludes that the plaintiff is entitled to the relief demanded in her complaint.

Let judgment enter accordingly.