**James A. and Isabelle CARROLL, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 17465.

United States Court of Appeals Seventh Circuit.

Oct. 22, 1969.

James A. Carroll, Isabelle Carroll, pro se.

Johnnie M. Walters, Asst. Atty. Gen., Fred Ugast, Attorney, Tax Division, U. S. Department of Justice, Washington, D. C., Lee A. Jackson, Meyer Rothwacks, Louis M. Kauder, Attorneys, Department of Justice, Washington, D. C., for appellee.

Before CASTLE, Chief Judge, HASTINGS, Senior Circuit Judge, and FAIRCHILD, Circuit Judge.

CASTLE, Chief Judge.

Petitioners appeal from a judgment of the Tax Court which disallowed their deduction of certain educational expenses from their income for 1964. James A. Carroll (hereinafter referred to as the petitioner) was employed by the Chicago Police Department as a detective during the year in question. In his 1964 federal income tax return, he listed as a deduction $720.80 which represented his cost of enrollment in DePaul University. The course of study entered into by plaintiff was stated by him to be in preparation for entrance to law school and consisted of a major in Philosophy. The six courses in which plaintiff was enrolled included two English, two Philosophy, one History and one Political Science course.[1] Petitioner justified the deduction under § 162(a) of the Internal Revenue Code of 1954 (26 U.S.C. § 162 (a)), as an expense "relative to improving job skills to maintain [his] position as a detective. * * *"

During 1964, the Police Department had in effect General Order No. 63–24, which encouraged policemen to attend colleges and universities by arranging their schedules of duties so as to not conflict with class schedules. Petitioner availed himself of the benefits of this order when he enrolled in DePaul University.

The Commissioner determined a deficiency based in part upon the disallowance of the claimed educational expense deduction, and petitioner sought a redetermination in the Tax Court. That Court, with five judges dissenting, sustained the Commissioner's determination that the expenses were not deductible.

§ 162(a) allows a deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *." In 1967, the Commissioner revised the regulations under § 162. The Tax Court found that no deduction was allowable under either the regulations which were in effect in 1964 (promulgated in 1958) or the 1967 regu-

---

1. In 1966, petitioner left the Police Department and entered DePaul University College of Law.

lations.[2] In addition, the Court found that the expenses were personal under § 252, which disallows deductions for such expenses.

The first issue involves the 1958 regulations, which provide in pertinent part:

> Sec. 1.162–5 Expenses for Education.—(a) Expenditures made by a taxpayer for his education are deductible if they are for education * * * undertaken primarily for the purpose of:
>
> (1) Maintaining or improving skills required by the taxpayer in his employment * * *
> * * * * * *
>
> If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purposes described in subparagraph (1) of this paragraph. * * *
>
> (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer.

Under these regulations, the petitioner has the burden of proving[3] that his education was undertaken for the primary purpose of maintaining or improving his skills as a policeman. Petitioner attempted to meet this burden by relying on the Police Department General Order 63–24 as establishing the fact that the Department considered that his education increased his value as a policeman and, accordingly, granted him the benefits of the order. Also, according to testimony of petitioner's witnesses, the Police Department, in the past, paid the costs of college tuition of its members and the Department believed that education was beneficial to a policeman.

The Tax Court held that petitioner failed to meet his burden since the evidence offered by him "failed to establish that his primary purpose was to maintain or improve his skills as a policeman,"[4] and that there was direct evidence contradicting petitioner's position. This latter evidence consisted of petitioner's statement, in his initial application to DePaul, that he wished to enroll for the purpose of preparing for the profession of law, petitioner's subsequent pursual of courses which the university prescribed as prerequisites for law school, and his leaving the Police Department and entering law school in 1966.

The Tax Court's determination of whether or not petitioner's enrollment in college was for the primary purpose of improving his skills as a policeman is a factual determination based upon inference drawn by the Court from the evidence. This Court, upon review, will reverse only if such determination is clearly erroneous. Kramer v. Commissioner of Internal Revenue, 389 F.2d 236, 239 (7th Cir. 1968); Kessmar Construction Company v. Commissioner of Internal Revenue, 336 F.2d 865, 867 (9th Cir. 1964). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); United States v. Singer Mfg. Co., 374 U.S. 174, 195, 83 S.Ct. 1773, 10 L.Ed.2d 823, n. 9 (1963); Commissioner of Internal Revenue v. Duber-

---

2. The Court noted that a taxpayer may rely on either the 1958 or 1967 regulations, Rev.Rul. 68–191, I.R.B.1968–17, 5, but considered both in light of the fact that petitioner was not represented by counsel.

3. Rule 32, Tax Court Rules of Practice.

4. The Court held that the fact the Department, prior to 1964, had paid college expenses of its members was insufficient to establish petitioner's case since there was no showing that in 1964 it was a custom for policemen to attend college.

stein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960). Applying these standards to the record in the instant case, we cannot hold that the Tax Court's determination that plaintiff's primary purpose in enrolling in college was to enter the profession of law was clearly erroneous. Accordingly, we affirm the judgment below on this point.

The next issue involves the 1967 regulations, § 1.162–5, which provide in pertinent part:

§ 1.162–5 [as amended by T.D. 6918, 1967–1 Cum.Bull. 36] *Expenses for Education.*—(a) *General rule.*—Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b) (2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education—

(1) Maintains or improves skills required by the individual in his employment or other trade or business, or

(2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.

(b) *Nondeductible educational expenditures.*—(1) *In general.*—Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by

the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations.

(2) *Minimum educational requirements.*—(i) The first category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business. * * *

\* \* \* \* \* \*

(3) *Qualification for new trade or business.*—(i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. * * *

The new regulations abolished the primary purpose test and established a more objective standard for determining whether the cost of education may be deducted as a business expense. See Furner v. Commissioner of Internal Revenue, 393 F.2d 292, 293 (7th Cir. 1968). Thus, petitioner in the instant case must justify his deduction under § 1.162–5 (a) (1), as maintaining or improving skills required by him in his employment.[5] However, even if his education maintains or improves his job skills, its cost will be disallowed under § 1.162–5 (b) (2) and (3) if the education is necessary "in order to meet the minimum educational requirements for qualification in his employment," (§ 1.162–5 (b) (2)), or if the education "will lead to qualifying him in a new

5. § 1.162–5(a) (2), which allows deductions for education expense which "meets the express requirements of the individual's employer * * * imposed as a condition to the retention by the individual of an established employment relation-

ship, status, or rate of compensation," is inapplicable to the instant case since it is clear that the Police Department did not require policemen to have a college education.

trade or business." (§ 1.162–5 (b) (3)).

The latter clause is particularly applicable to the instant case since, as previously discussed, the Tax Court found that petitioner's primary purpose in enrolling in college was to qualify for law school. While the Commissioner concedes that a general college education "hold[s] out the potential for improved performance as a policeman," he argues that petitioner has failed to demonstrate a sufficient relationship between such an education and the particular job skills required by a policeman. Thus, although a college education improves the job skills of all who avail themselves of it, this relationship is insufficient to remove the expense of such education from the realm of personal expenses which are disallowed under § 262. Many expenses, such as the cost of commuting,[6] clothing,[7] and a babysitter for a working mother,[8] are related and even necessary to an individual's occupation or employment, but may not be deducted under § 162(a) since they are essentially personal expenditures. See Smith v. Commissioner, 40 B.T.A. 1038 (1939), affirmed per curiam, 113 F.2d 114 (2d Cir. 1940). We are of the opinion that plaintiff's educational expenditure is even more personal and less related to his job skills than the expenditures enumerated above.

Of course, not all college courses may be so classified as non-deductible. Thus, the cost of a course in Industrial Psychology was properly deducted from the income of an Industrial Psychologist, although it led to an advanced degree and the potential of new job opportunities.

Carlucci v. Commissioner, 37 T.C. 695 (1962). Similarly, a housing administrator was allowed to deduct the cost of courses in housing administration, Ciorciari v. Commissioner, 22 T.C.M. 784, (1963), and a professional harpist was allowed to deduct the cost of music lessons, Elliott v. United States, 250 F. Supp. 322 (W.D.N.Y.1965). The difference between those cases and the instant case is that petitioner's courses were general and basically unrelated to his duties as a policeman. As the Commissioner notes in his brief, a currently employed taxpayer such as petitioner might be allowed to deduct the cost of college courses which directly relate to the duties of his employment.[9] If such courses were taken along with other, more general courses, their cost, or that part of the tuition representing their cost, would be deductible under § 162(a). In the instant case, however, petitioner does not claim that any particular course in which he was enrolled in 1964 bears any greater relationship to his job skills than the others.

Therefore, while tax incentives might be employed as an effective tool to encourage such valuable public servants as policemen, as well as others, to acquire a college education so as to improve their general competence, we feel that such a decision should be made by the Congress rather than the courts. To allow as a deduction the cost of a general college education would surely go beyond the original intention of Congress in its enactment of the Internal Revenue Code of 1954. Accordingly, we affirm the judgment of the Tax Court.

Affirmed.

6. Bruton v. Commissioner, 9 T.C. 882 (1947)

7. Yeomans v. Commissioner, 30 T.C. 757 (1958)

8. O'Connor v. Commissioner, 6 T.C. 323 (1946).

9. In petitioner's case, the Commissioner suggests that courses in police-community relations, urban sociology, social psychology, or constitutional rights of criminal suspects would fall into such a category.