Raymond A. Paulson and Beverly D. Paulson v. Commissioner.
Paulson v. Commissioner
Docket No. 3912-69 S.C.
United States Tax Court
T.C. Memo 1970-54; 1970 Tax Ct. Memo LEXIS 305; 29 T.C.M. (CCH) 246; T.C.M. (RIA) 70054; March 3, 1970, filed. Raymond A. Paulson, pro se, 967 Edgecomb, Covina, Calif., Andrew h. Weinstein, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency of $399.75 in petitioners' Federal income tax for calendar year 1966. The sole issue for decision is whether petitioners are entitled to deduct certain educational expenses. Findings of Fact Some of the facts have been stipulated and are found accordingly. Raymond A. Paulson (hereinafter referred to as "Raymond") and Beverly D. Paulson are husband and wife. They resided in Covina, California, on the date of the filing of the petition herein. They filed their Federal joint income tax return for calendar year 1966 with the district director of internal revenue, Los Angeles, California. Beverly D. Paulson is a party hereto *306 only by reason of her having filed a joint return with Raymond. During 1966 Raymond was employed by the following companies with the following job classifications: Employer
Period
Job Classification
Aeromethods Engineering Corporation
1/1/66 to 3/66
Production Cost Analyst
6912 West Olympic Blvd.
Beverly Hills, Calif.
Hermetic Seal Corporation
4/15/66 to
Chief Inspector and QualityCon- trol Manager
4232 Temple City Blvd.
present
Rosemead, California 247 Raymond's duties while employed by Aeromethods Engineering Corporation were as follows: Responsibility for projects which required formulating integrated work measurement and methods improvement systems to provide initial coverage for work activities that are primarily analytical in nature, and Development of new concepts and techniques for measuring and improving labor utilization, costs, and performance. Raymond's duties at Hermetic Seal Corporation are as follows: Manages the inspection department: (a) Recommends for hiring and terminating inspection personnel. (b) Controls inspection tools and equipment. (c) Interprets and applies mil. specs. Conducts source inspection of inspection *307 facilities. Controls flow of paper work in connection with shipping and receiving. Sits with Material Review Board on disposition of rejected merchandise. Handles corrective action reports. During 1966 Raymond was enrolled as a part-time third year student at the California College of Law. One who completes 84 units of credit at that school will be granted the degree of LL. B. Raymond claimed the following amounts as deductible trade or business expenses for education during 1966 in connection with his studies at California College of Law: Tuition
$ 644.00
Books and supplies
259.60
Seminars
53.50
Auto expense 1,116.00
Total
$2,073.10 The tution paid during 1966 covered the following law courses: Course
Period
Credits
Corporations (2nd part)
1/66 to 6/66
3
Code pleading
1/66 to 6/66
3
Wills
1/66 to 6/66
3
Community property
6/66 to 8/66
2
Trusts
6/66 to 8/66
3
Future interests
9/66 to 12/66
3
Federal estate and gift taxation
9/66 to 12/66
3
Business organization, agency and partnership.
9/66 to 12/66
3
Upon graduation from the California College of Law, Raymond could not be considered as an applicant *308 for an attorney position with Hermetic Seal Corporation until he satisfied the requirements of the California State Board of Law Examiners. Raymond took the required list of courses rather than just selective courses at California College of Law in 1966. Neither of the employers for whom Raymond worked during 1966 required that he enroll in law courses in order to maintain his position. Raymond is a graduate of Long Beach City College and holds a certificate in industrial electronics engineering. This certificate, along with his experience, met the minimum qualifications for employment with the companies listed above. Opinion The sole issue for decision is whether petitioners are entitled to deduct certain educational expenses. This issue is governed by section 1.162-5, Income Tax Regs. Respondent revised this provision in 1967. Although petitioners have not indicated whether they are relying on the 1958 or 1967 regulations, inasmuch as they lacked legal counsel, we have considered the issue under both regulations, James A. Carroll, 51 T.C. 213, 219 (1968), affd. 418 F. 2d 91 (C.A. 7, 1969). A requirement common to both the 1958 [1] and 1967 [2] regulations *309 is that the education must maintain or improve skills required by the taxpayer in his employment. [3]
In 1966 Raymond was a production cost analyst as well as a chief inspector *310 and quality control manager. It strains the imagination of this Court to see how the curriculum at California College of Law improved the skills of Raymond as an engineer and cost analyst. This is evident from those courses which Raymond studied during 1966. The courses included corporations, code pleading, wills, community property, trusts, future interests, Federal estate and gift taxation, and business organization. At the trial Raymond stated that he did not know any fellow employees doing his type of work who were attending law school to maintain or improve their skills. Raymond did not submit a brief. At the trial, however, he emphasized that knoledge of product liability law would improve his skills as a quality control manager. Without questioning the accuracy of his assertion, we note that his curriculum in 1966 did not include courses in torts or contracts. We therefore do not have to consider whether expenses incurred in studying these two courses might have been allowable to Raymond. Without discussing other limitations imposed by the 1958 and 1967 regulations, we hold that petitioners are not entitled in 1966 to deduct Raymond's claimed educational expenses. Decision *311 will be entered for the respondent. Footnotes
1. § 1.162-5. Expenses for education. - (a) Expenditures made by a taxpayer for his education are deductible if they are for education * * * undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, * * * ↩
2. § 1.162-5. Expenses for education. - (a) General rule. Expenditures made by an individual for education * * * are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education. - (1) Maintains or improves skills required by the individual in his employment or other trade or business, * * * ↩
3. Petitioners have conceded that Raymond did not meet an alternative requirement common to both regulations. The alternative requirement relates to the education being expressly required by taxpayer's employer, or the requirements of applicable law or regulations imposed as a condition to the retention by the taxpayer of his salary, status, or employment.↩