JAMES ROBERT HEFFERNAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Heffernan v. Commissioner
Docket No. 3128-77.
United States Tax Court
T.C. Memo 1979-363; 1979 Tax Ct. Memo LEXIS 163; 39 T.C.M. (CCH) 86; T.C.M. (RIA) 79363; September 10, 1979, Filed James Robert Heffernan, pro se. Judith E. Soltz, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This *164 case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, as amended, and General Order No. 6 of this Court. [1] The Court agrees with and adopts the Special Trial Judge's Opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1974 in the amount of $647. The issue is whether petitioner is entitled to a deduction under section 162(a), Internal Revenue Code of 1954, [2] for certain education expenses incurred by him in 1974. FINDINGS OF FACT Some of the facts have been stipulated and they are so found. Petitioner was a resident of Bronx, New York at the time the petition herein was filed. Petitioner went on active duty with the U.S. Air *165 Force in January 1970. During the year 1974 petitioner was a general accounting specialist (with the rank of sergeant) in the U.S. Air Force stationed at Wasserkappe Air Force Station, West Germany. During the year 1974 petitioner was enrolled in the Boston University Overseas Graduate Program taking courses toward a Master of Science in Business Administration. He claimed a deduction on his 1974 income tax return for educational expenses in the amount of $3,080 for tuition, fees and books and he also claimed a deduction in the amount of $2,358.51 for automobile expenses incurred in attending courses. Respondent disallowed the deduction. OPINION Section 1.162-5(a), Income Tax Regs., permits the deduction of education expenses if the education (1) maintains or improves skills required by the individual in his employment or other trade or business or (2) meets the express requirements of the individual's employer. Those regulations have previously been found valid. Weiszmann v. Commissioner, 52 T.C. 1106 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971). Petitioner contends that the courses he studied in 1974 maintained or improved the skills *166 required on his work assignment at the Wasserkuppe Air Force Station. Petitioner has the burden of proof. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. We do not believe that petitioner has met the requisite burden. [3] In Carroll v. Commissioner, 51 T.C. 213 (1968), affd. 418 F.2d 91 (7th Cir. 1969), this Court stated that in the context of section 162(a) it must be established that the education expenses bear "a proximate and direct relationship" to the taxpayer's employment or trade or business. We have carefully considered the scope of petitioner's duties and responsibilities at the base some of which we describe below. Prior to his assignment to West Germany in July 1972 he attended an Air Force training school for 12 to 13 weeks to obtain the requisite skills for his general accounting specialty. Petitioner testified that he was "exclusively engaged in accounting for nonappropriated fund activities." In large part, he kept personnel records, prepared bank deposits, compiled various periodic reports covering the service activities at the relatively small base located in a remote *167 area and filed the necessary reports with headquarters. He also prepared quarterly financial reports and other periodic reports. Standard forms were customarily used by petitioner for the preparation of these various reports. He was also responsible for processing purchase requests and purchase orders for the various service facilities. Petitioner's courses in 1974 under the Boston University program included Financial Management, Operations Management, Management, Advanced Topics in Financial Management, Economics for Management, and Quantitative Methods I and II. We have considered the course descriptions and petitioner's testimony with respect to the nature of these various management courses and we are not persuaded that such courses bear a proximate and direct relationship to petitioner's duties. The content and scope of the managerial *168 courses, with their emphasis on broad managerial and financial problems, bear only a remote relationship to petitioner's circumscribed and somewhat routine duties on the base. [4] Such a tenuous relationship to a taxpayer's job skills is simply insufficient to qualify the education expenses as deductions under the regulations. Carroll v. Commissioner, supra.We must conclude on the basis of this record that petitioner is not entitled to a business expense deduction under section 162(e) for the education expenses incurred by him in 1974. Such expenditures constitute nondeductible personal expenses under section 262. *169 Decision will be entered for the respondent. Footnotes
1. Pursuant to General Order No. 6 the post-trial procedures set forth in Rule 182 of this Court's Rules of Practice and Procedure are not applicable to this case.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. It should be noted that several of the cases cited by petitioner involve the pre-1968 regulations which emphasized the purpose↩ for which the education was undertaken. These regulations are inapplicable here. Instead, the qualifying tests under the present regulations, which we have cited, are generally objective in nature.
4. For example, the course described as Quantitative Methods I "introduces the student into the mathematical systems of Boolean algebra, analytical geometry, matrix algebra, mathematical programming and calculus, and shows how tools from these systems may be applied to concrete business situations." Quantitative Methods II completes the sequence of study in quantitative methods for business decisions. Financial Management deals with problems of the finance function in business from the point of view of the chief financial executive in an operating business. The course in Management emphasizes the major decisions faced by the business manager, i.e., the setting of objective, establishing of policies, and structuring the enterprise. The remaining courses are generally on the same level.↩