RONALD T. AND ELAINE L. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 1790-76.
United States Tax Court
T.C. Memo 1981-149; 1981 Tax Ct. Memo LEXIS 594; 41 T.C.M. (CCH) 1186; T.C.M. (RIA) 81149; March 30, 1981. Robert M. Tyle, for the petitioners. Timothy M. Cotter, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] *595 The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a $ 1,083.42 deficiency in petitioners' 1972 federal income tax. All other issues having been resolved by agreement of the parties, the sole question presented for our decision is whether various expenditures for education are deductible under section 162(a). FINDINGS OF FACT Some of the facts have been stipulated by the parties, and those facts are so found. Petitioners, Ronald T. Smith and Elaine L. Smith, husband and wife, resided at Horseheads, New York, at the time they filed their petition herein. Petitioners timely filed their joint federal income tax return for 1972 with the Internal Revenue Service Center at Andover, Massachusetts. Petitioner Ronald T. Smith *596 [3] received a bachelor of science degree in chemistry from Fisk University in 1961. He did some graduate work in organic chemistry, worked as a research chemist for a pharmaceutical company, and served in the Army before he entered the employ of Corning Glass Works (hereinafter referred to as Corning) in 1969 as a glass technologist. In September of 1970, he became a section foreman in the quality control department of Corning. From the fall of 1971 through the spring of 1972, he took courses at College Center of the Finger Lakes, an off-campus branch in Corning, New York, of Syracuse University. He attended College Center of the Finger Lakes part time while continuing to be actively employed by Corning on a full-time basis. Corning reimbursed him 75% of his tuition for these courses. In attending classes, petitioner typically drove from his home to class in the late afternoon or evening, after a late lunch or early dinner, and back home again when his class was over and group assignments were completed. *597 In August of 1972 petitioner began studies full time at Syracuse University (hereinafter referred to as Syracuse) at its main campus in Syracuse, New York. These studies led to his being awarded a master's degree in business administration in August of 1973. During this period petitioner was on leave of absence from his position as section foreman in the quality control department at Corning. Corning paid him two-thirds of his salary and reimbursed him the expenses of his tuition and fees. Upon completion of his studies at Syracuse, petitioner returned to active employment at Corning as a market development specialist in its automotive products division. None of the studies was required by Corning. As a section foreman in the quality control department, petitioner was responsible for the quality of materials coming in, goods in process, and products leaving the plant. Depending upon the volume of production, petitioner directly supervised the inspection work of eight to twenty-four persons at a time. He submitted his thoughts on the budget and personnel needs and the production and costs effects of his section to his superior (the head of the quality control department) *598 and at production department meetings. Occasionally, he communicated with marketing personnel and directly with customers regarding the quality of particular products. His duties required a basic understanding of production and operation management, bookkeeping and cost accounting, and business finance. At College Center of the Finger Lakes, petitioner took basic business courses in production or operations management, bookkeeping and cost accounting, and business finance. The course in production or operations management dealt with the scheduling of efficient production line techniques and attendant economics. The accounting course involved, in addition to bookkeeping, a study of costing systems, including the standard cost system of the sort Corning utilizes. The finance course was a step beyond bookkeeping, dealing with analysis of financial data. At Syracuse, petitioner took courses in business law, finance and advanced finance, corporate strategy and business policies, business operations, programming, economics, and marketing. In 1972, petitioner paid $ 240 tuition and $ 19.50 for books and supplies in connection with the courses he took at College Center of the Finger *599 Lakes and $ 1,496 tuition and fees and $ 77.71 for books and supplies in connection with his attendance at Syracuse. Corning included on petitioner's wage and tax statement (Form W-2) the amounts which it paid petitioner as reimbursement for his education expenses and withheld federal income taxes as to them. Petitioner accordingly included the amounts he received as reimbursements on his 1972 return. For 1972, petitioner deducted $ 240 for tuition and fees, $ 19.50 for books and supplies, and $ 28.08 for transportation in connection with the courses he took at College Center of the Finger Lakes and $ 1,496 for tuition and $ 74.68 for books and supplies in connection with his attendance at Syracuse, all of which respondent disallowed as having not been substantiated. OPINION At the hearing and on brief respondent maintained that the expenditures incurred by petitioner were for a program of study leading to his qualification for a new trade or business or, in the alternative, that there was not a sufficiently close relationship between the courses taken and his work to permit a deduction for the expenses of taking those courses. *600 Section 162(a) allows a deduction for ordinary and necessary expenses of carrying on a trade or business. Section 1.162-5(a), Income Tax Regs., provides that expenditures made by an individual for education are deductible under section 162(a) if the education maintains or improves skills required by the taxpayer in his or her employment or to meet the express requirements of the taxpayer's employer. However, even if these requirements are met, the regulations provide that if the education is required of the taxpayer "in order to meet the minimum educational requirements for qualification in his employment or other trade or business" or if the education "is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business," then the expenses of that education are personal and nondeductible. Sec. 1.162-5(b)(2) and (3), Income Tax Regs. This Court has repeatedly upheld the validity of these criteria in determining the deductibility of education expenses. See, e.g., Davis v. Commissioner, 65 T.C. 1014, 1017 (1976); *601 O'Donnell v. Commissioner, 62 T.C. 781, 783 (1974), affd. without opinion 519 F.2d 1406 (7th Cir. 1975). We find that petitioner's studies at Syracuse were at a level and of a nature not proximately related to the skills required of him in his employment at the time they were pursued. No doubt they have been and will continue to be of great value to him in business, but that is different from being directly related to the maintenance and improvement of the skills required by him in his employment. See Carroll v. Commissioner, 51 T.C. 213 (1968), affd. 418 F.2d 91 (7th Cir. 1969). Business law, corporate strategy and business policies, advanced business finance, programming, economics, and marketing are all subjects of a nature at best only remotely related to petitioner's duties as a section foreman in the quality control department at Corning. We hold that the expenses of this education are not deductible because they were not sufficiently related to the skills required in petitioner's employment. Not so with regard to the courses he took at College Center of the Finger Lakes, however. These courses were of a nature *602 directly related to his duties as a section foreman in the quality control department at Corning. That job required petitioner to have a basic understanding of production line techniques, costing, and the uses of financial data. We find that these courses did maintain and improve skills required by petitioner in his employment at the time they were pursued. We reject respondent's argument that the courses were part of a program of study leading to petitioner's qualification in a new trade or business. Petitioner's course of study provided him with a broad general background in management, business, and business administration. As petitioner was already engaged in work activities on a managerial level, the education which he obtained led to, at most, a change in his duties at Corning, not a new trade or business. See sec. 1.165-5(b)(3)(i), Income Tax Regs.[4] With regard to the courses which petitioner took at College Center of the Finger Lakes, we hold that the expenses of his tuition, books, and supplies in the amount of $ 259.50 are deductible. The expenses of commuting between his home and the school, however, are not deductible. See *603 Zimmerman v. Commissioner, 71 T.C. 367 (1978), affd. by unpublished order 614 F.2d 1294 (2d Cir. 1979). [5]
The evidence here supports the result we reach regardless of which party had the ultimate burden of proof. Accordingly, we need not answer the question whether the new grounds advanced by respondent to support the disallowance of these expenditures as a deduction raised a new issue as to which the burden of proof was upon him. In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Inasmuch as Elaine L. Smith is a party to this proceeding solely because she filed a joint return with her husband, for convenience we will hereinafter refer to Ronald T. Smith as the petitioner.↩
4. See, also, Blair v. Commissioner, T.C. Memo. 1980-488; Beatty v. Commissioner, T.C. Memo. 1980-196↩. 5. See, also, Bird v. Commissioner, T.C. Memo. 1980-156↩.