COLLIN J. DAVIDSON and LINDA M. DAVIDSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davidson v. Commissioner
Docket No. 12799-79
United States Tax Court
T.C. Memo 1982-119; 1982 Tax Ct. Memo LEXIS 627; 43 T.C.M. (CCH) 743; T.C.M. (RIA) 82119; March 11, 1982. Collin J. Davidson, pro se. Elizabeth S. Henn, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1977 in the amount of $ 382. The single issue remaining for our decision is whether petitioners are entitled to a deduction for certain educational expenses. This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and the attached exhibits are incorporated herein by this reference. A summary of the salient facts is set forth below. Collin J. and Linda *628 M. Davidson filed a joint Federal income tax return for the taxable year 1977 with the Internal Revenue Service Center, Philadelphia, Pennsylvania. At the time the petition was filed, petitioners resided in Baltimore County, Maryland. From 1975 until June 1978, Collin attended the undergraduate school of Rutgers University, University College at Camden, in a program leading to a bachelor's degree. Collin received a bachelor of science degree (B.S.) in October 1978, having successfully completed the requirements therefor. [1]
*629 For a time prior to and including the year 1977, Collin was employed by Amstar Corporation. In March 1977, Collin's position with Amstar was changed to "Accountant I." The Amstar job classification describes this position as: Accountant 1 - Under close supervision. Prepares income and balance sheet statements, consolidated statements and various other accounting statements and reports. Analyzes financial reports and records, making studies relative to the accounting assets, expenses, etc. Conducts special studies. These functions would involve general, cost, and tax accounting.Normally the entry level position for college graduates or the equivalent with up to two years experience. During the 1977 school year, Collin enrolled in the following courses at Rutgers: Semester
Courses
Department
Spring 1977
Budgetary Control
Accounting
Quantitative Methods
Administrative
Studies
Language and Literature
English
Fall 1977
Concepts of Auditing
Accounting
Organizational Behavior
Administrative
Studies
Spring 1978
Administrative Decisions
Administrative
Simulation
Studies
Radicalism in America
History
During 1977, Collin *630 paid $ 594 for tuition and $ 66.64 for books. [2]
Prior to June 10, 1977, petitioners resided in Camden, New Jersey. The distance round trip from their home to the school was 5.6 miles. Collin made this trip 16 times. Apparently petitioners moved during the summer months, because the round trip distance from September through December 1977 is stipulated to be 206 miles. Collin made this journey 32 times. He also incurred and paid tolls of $ 128, and paid $ 3 on each trip for his meals. On their 1977 income tax returns, petitioners claimed an educational expense deduction for Collin's studies at Rutgers University in the amount of $ 2,020.51 computed as follows: Tuition
$ 594.00
Books
66.64
Transportation
January-May (5.6 miles X 16 trips
X $ .17/mile)
15.23
Sept. - Dec. (206 miles X 32 trips
X $ .17/mile)
1,120.64
Tolls
128.00
Food ($ 3/trip X 32 trips)
96.00
$ 2,020.51
*631 In his notice of deficiency, respondent disallowed the entire claimed deductions because the education was undertaken primarily for personal purposes or to fulfill general educational ambitions, rather than to improve or maintain the skills required for Collin's present position or to meet the express requirements of his employer. The regulations under section 162 [3] prescribe comprehensive rules which govern the deductibility of educational expenses.Generally, in order to prevail petitioners must demonstrate that the expenditures were made for education that-- (1) maintains or improves skills required by Collin in his employment or (2) meets the express requirements of either Amstar, or of applicable law or regulations, imposed as a condition to the retention by Collin of his established employment relationship, status or rate of compensation. See section 1.162-5(a), Income Tax Regs. As to the latter, nothing in the record suggests that Amstar in any way required Collin to take any of these courses. No law or regulation made these courses *632 a condition to the retention of his employment relationship, status, or rate of compensation.Therefore we find that these expenses may not be deducted under section 1.162-5(a)(2), Income Tax Regs.
Insofar as the first alternative is concerned, it would appear that some of the courses taken would tend to maintain or improve the skills required of Collin in his employment as an accountant; namely, the two accounting courses and possibly the administrative studies courses. The other two courses, "Language and Literature" and "Radicalism in America" are too indirect in their job-related impact, although no doubt valuable to almost any employee in a very general way. Helpfulness alone does not establish deductibility. Only expenses which bear a proximate and direct relationship to one's trade or business may be deducted under section 162, Carroll v. Commissioner,51 T.C. 213, 218 (1968), affd. 418 F.2d 91 (7th Cir. 1969); and there is simply not a sufficient nexus between the majority of these courses and Collin's employment as an accountant. Therefore only the business and accounting courses can qualify for an educational expense deduction, and then only *633 if the disqualification provisions can be avoided. Section 1.165-5(b)(1), Income Tax Regs.
Broadly speaking, there are two hurdles which taxpayers must clear to deduct their educational expenses. [4] One of these is that the expenditures made for education which is required to meet the minimum educational requirements for qualification in one's employment are nondeductible. The fact that an individual such as Collin is already performing service in an employment status does not establish that he has met the minimum educational requirement for qualification in that employment.The minimum education necessary to qualify for a position must be determined from a consideration of such factors as the requirements of the employer, the applicable law and regulations, and the standards of the profession, trade or business involved. Section 1.162-5(b)(2)(i), Income Tax Regs.
*634 In Browne v. Commissioner,73 T.C. 723 (1980), petitioner had at various times beginning in 1937 been employed as a bookkeeper and tax return preparer. In 1955 she began trying to obtain a college degree in order to obtain a better job. She received a bachelor's degree in business administration, with a major in accounting, in December of 1975. During 1975, she was employed full-time as a medical transcriber, and additionally she was self-employed performing services related to craft work, painting, medical and legal transcribing, and tax return preparation. Florida, her state of residence, required a bachelor's degree with a major in accounting in order to qualify to take the C.P.A. examination, but petitioner had not taken the examination. We held that Browne's educational expenditures were nondeductible both because they enabled her to meet the minimum educational requirements for an accountant and because they led to her qualification in a new trade or business. We rejected petitioner's argument that her tax return preparation and bookkeeping activities established that she had satisfied the minimum educational requirements for qualification as an accountant. *635 Rather, we held that "a degree in accounting is a minimal educational requirement in becoming an accountant." Browne v. Commissioner,supra at 727. In the case before us, the courses in question were undertaken in order to meet the minimum educational requirements for Collin's position. From the employer's point of view, Amstar normally required a college degree or the equivalent in order to be employed as an accountant I. Collin did not meet this requirement, nor is there evidence of any prior experience which might have substituted for his lack of a sufficient educational background.
We note the courses in dispute for which an educational deduction has been claimed were not introductory accounting courses.In fact, these courses were at an advanced level, and would require a fairly good working knowledge of basic accounting. For example, "Concepts of Auditing" and "Budgetary Control" both listed as a prerequisite "Intermediate Accounting," a course which itself is normally offered following completion of "Managerial Accounting" and "Financial Accounting." We are therefore not disturbed by the fact that technically the degree may not have been, as in Browne, *636 a degree in accounting, for there was an obvious concentration in that field. [5]
At bottom, Collin was acquiring a college degree to meet the minimal educational requirements for qualification in his employment or other trade or business. The fact that some of the courses may have been related to the subject matter of his work does not change this inherently personal undertaking into a trade or business expense. Accordingly, we hold that none of Collin's educational expenses are deductible. It follows that none of the expenses incident to attendance of classes may be allowed. Decision will be entered for the respondent.
Footnotes
1. The following were general requiements for the granting of a bachelor's degree which had to be met by all students regardless of their major field of specialization: (1) Proficiency Requirements - English, mathematics, and foreign language (2) Liberal Arts and Sciences Requirement --Minimum of 60 credits composed as follows: (a) composition (b) humanities (12 credits) (c) social sciences (12 credits) (d) mathematics and natural/physical science (12 credits) (e) advanced liberal arts and sciences (12 credits) (3) Major Requirement - 30 to 50 credits within the selected major field, plus up to 9 credits outside the major field (4) Free Electives - 9 to 30 credits No degree candidate may, without special exception, offer more than 48 credits (or 16 courses) in a single subject.↩
2. The tuition was $ 250 for spring 1977, and $ 172 for both fall 1977 and spring 1978. Although the courses for the spring semester did not take place during 1977, Collin enrolled for those classes and paid his tuition for them in December of 1977.↩
3. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years here in issue.↩
4. SEC. 1.162-5(b). Nondeductible educational expenditures-- (2) Minimum educational requirements. (i) The First category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business. The minimum education necessary to qualify for a position or other trade or business must be determined from a consideration of such factors as the requirements of the employer, the applicable law and regulations, and the standards of the profession, trade, or business involved. The fact that an individual is already performing service in an employment status does not establish that he has met the minimum educational requirements for qualification in that employment. Once an individual has met the minimum educational requirements for qualification in his employment or other trade or business (as in effect when he enters the employment or trade or business), he shall be treated as continuing to meet those requirements even though they are changed. (3) Qualification for new trade or business.↩ (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. * * *
5. Collin's degree may or may not have been in accounting. The stipulation of facts simply stated that a bachelor of science degree had been received without specifying the major field of study.↩