GARY SCOTT ZIMMER AND DIANE LYNNETTE OLLILA ZIMMER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zimmer
Docket No. 9513-91
United States Tax Court
T.C. Memo 1992-678; 1992 Tax Ct. Memo LEXIS 728; 64 T.C.M. (CCH) 1388; November 25, 1992, Filed *728 Decision will be entered for respondent. Gary Scott Zimmer and Diane Ollila Zimmer, pro se. For Respondent: Steven J. Sibley. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioners' Federal income tax for the 1985 taxable year, together with additions to tax, in the following amounts: Additions to tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1985
$ 1,192
$ 59.60
[1]
The issues for decision are: (1) Whether petitioners may deduct education expenses *729 for petitioner wife, including tuition and books in the amount of $ 1,251, car expense in the amount of $ 3,246, and a general business credit for the car used in connection with the education expenses in the amount of $ 503; (2) whether petitioners may deduct education expenses for petitioner husband's computer programming course in the amount of $ 197; (3) whether petitioners are liable for the additions to tax for negligence or intentional disregard of rules or regulations pursuant to sections 6653(a)(1) and 6653(a)(2). Some of the facts have been stipulated, [2] and they, together with exhibits attached to the stipulations, are so found. Petitioners resided at San Jose, California, when they timely filed their petition herein. *730 Mrs. Zimmer was employed as an enrolled agent/accountant for her mother's accounting firm in Cupertino, California, in 1985. She worked there during the years 1981-1985. In 1985 petitioner took classes at California State University, Hayward (Cal-State Hayward), a 4-year institution, and she has claimed an educational expense deduction for those courses as well as for automobile expenses related to travel to the university. Respondent disallowed all of this deduction. Previously petitioner was enrolled at DeAnza Community College (DeAnza) in Cupertino. Credit for certain courses taken at DeAnza may be transferred for credit to Cal-State Hayward, thereby assisting petitioner to earn a bachelor's degree. Petitioner transferred her DeAnza credits to Cal-State Hayward, and she matriculated there as a junior in 1985. During that year petitioner took the following courses and received credit for 29 units: (1) Accounting 2270, an introduction to the uses of computers in business; (2) Management 3600, theories of management; (3) Marketing 3401, an introduction to marketing management; (4) Mathematics 1802, mathematics for business and social sciences (petitioner took this course twice); *731 (5) Psychology 1000, an introductory course in psychology; (6) Theater 1920, an acting course; and (7) Management 3614, organizational behavior. Petitioner's previous education at DeAnza included basic courses in accounting, income tax, finance, business law, and economics. While earning her college credits petitioner also worked in various capacities at her mother's accounting firm in the position of staff accountant from 1981 to 1985. She was an enrolled agent with the Internal Revenue Service and thus was able to represent clients before the IRS. She was also a member of the National Association of Enrolled Agents (NAEA), a voluntary association of such agents. Her duties at her mother's firm included income tax return preparation for individuals and partnerships, setting up and closing books for clients, preparation of financial statements, payroll and payroll tax preparation, sales tax return preparation, worker's compensation and audit preparation, auditing, and client consultation. Petitioner reported wages of $ 7,741.66 from her mother's accounting firm for 1985. It is obvious that petitioner was a full-time student during 1985 who worked part-time for her mother. *732 Respondent disallowed claimed automobile expenses of $ 3,246, which were attributable to petitioner's travel to and from Cal-State Hayward, as well as tuition and book expenses. Petitioners bear the burden of proving that respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioner argues that the cost incurred in taking all the courses is a deductible business expense under section 162. She relies specifically on section 1.162-5(a), Income Tax Regs., which provides in relevant part: (a) General rule. Expenditures made by an individual for education * * * which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education -- (1) Maintains or improves skills required by the individual in his employment or other trade or business * * *. Respondent argues that the entirety of the education expenses in issue is not deductible, since these expenses were part of a course of study that would have qualified petitioner for a new trade or business. In the alternative, *733 respondent maintains that these expenses were not incurred in order to maintain or improve skills in the petitioner's current trade or business. Respondent relies on section 1.162-5(b)(2) and (3), Income Tax Regs., which provides that education expenses are not deductible if they qualify the taxpayer for a new trade or business or are required to meet the minimum educational requirements in the taxpayer's trade or business. As a preliminary matter, we hold that it is not necessary for petitioner to hold a degree in accounting in order to continue in her trade or business. She has worked as an accountant for her mother for a number of years, and neither her mother nor the State requires petitioner to further her education. Petitioner is not bound by any minimum education requirements in order for her to practice accounting at her mother's firm. Although petitioner has established that her educational expenses did not qualify her for a new trade or business and were not required for her to meet the minimal educational requirements in her trade or business, she nevertheless has not established a sufficient nexus between her course work and her part-time employment. When a taxpayer *734 claims that an education expense was incurred in order to maintain or improve her existing skills, she must demonstrate a connection between the course of study and her particular job skills. Schwartz v. Commissioner, 69 T.C. 877, 889 (1978). Petitioner has not demonstrated such a connection. Her courses, including those in psychology and acting, were merely part of her general college education, and they do not sufficiently relate to her particular job skills. We have held that the cost of obtaining a general college education is more a personal expense than a trade or business expense and, hence, is not deductible. Carroll v. Commissioner, 51 T.C. 213, 216 (1968), affd. 418 F.2d 91 (7th Cir. 1969). Petitioner is attempting to receive tax deductions which are not available to taxpayers who earn a college education before embarking on a career. As we stated in Carroll, "a general college education has more than economic utility [since] it broadens one's understanding and increases his appreciation of his social and cultural environment." Id. While all of her courses may help petitioner *735 in her job in a general manner, this does not in itself establish that her expenses are deductible as business expenses. Section 262 denies a deduction for the expense of obtaining a general college education, because such education provides such extensive personal rewards. Id.
Petitioner argues that her reason for incurring her education expenses was to enable her, as an enrolled agent, to maintain her membership with the NAEA. The NAEA requires members to complete 30 hours of continuing education each year; thus, petitioner maintains that her course work was required to maintain her employment. This argument is without merit. Her membership with the NAEA was purely voluntary and in no way defines her status as a taxpayer engaged in the trade or business of being an employee in an accounting firm. We note that courses taken by petitioner had little, if any, connection with her status as an enrolled agent. We hold that none of the claimed educational expenses are deductible. Petitioner has failed to convince this Court that the courses maintained or improved skills which were required in her employment. The courses will help petitioner in gaining a broader understanding *736 of business, but their relation to her occupation is too attenuated to be deductible under the regulations. Section 280F(b) provides that no investment tax credit is allowable unless an automobile is predominantly used in a qualified business use for the taxable year. Petitioner used both automobiles less than 50 percent for business use, and thus no general investment credit is available to petitioner. Since the use of the cars was not predominantly for business, section 280F(b)(2) provides that petitioner must apply the straight line method of depreciation for her depreciation deduction. We turn now to the issue of whether petitioners may deduct education expenses for petitioner husband's computer programming course. He was employed as a waiter in 1985. Neither party raised an argument on this issue, apparently relying on their stipulation to be dispositive. See supra note 2. We hold that petitioner husband may not deduct his education expense. We turn now to the issue of negligence. Respondent determined that petitioners were liable for additions to tax for negligence under section 6653(a). Negligence under section 6653(a) is lack of due care, or failure to do what *737 a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Respondent's determinations that petitioners' underpayments of tax were due to negligence or intentional disregard of rules or regulations is "presumptively correct and must stand unless the taxpayer can establish that he was not negligent." Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337. Petitioners therefore bear the burden of proving that they are not liable for the additions to tax. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972); Enoch v. Commissioner, 57 T.C. 781, 802 (1972). We conclude on this record that petitioners were negligent in their underpayment of tax, since they did not act reasonably or use due care in formulating their tax position with regard to the educational expenses. Petitioner wife sought to squeeze several expenses into a narrow provision allowing deductions for the cost of education under certain circumstances. All the underpayments *738 are due to negligence for purposes of section 6653(a)(2). Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the deficiency.↩
2. It was stipulated that the prevailing party on the deductibility of the educational expenses of petitioner wife (without consideration of the claimed investment tax credit) shall prevail with respect to the $ 197 educational expense adjustment relating to petitioner husband. The parties stipulated that petitioners incurred the expenses disallowed in the notice of deficiency.↩