T.C. Summary Opinion 2001-35


UNITED STATES TAX COURT


EDWARD M. FIELDS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17174-98S.                    Filed March 20, 2001.


<u>James Charles Frooman</u>, for petitioner.

<u>Gary R. Shuler, Jr.</u>, for respondent.


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for 1995.  Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $2,593 in petitioner's 1995 Federal income tax. The issue for decision is whether petitioner is entitled to deduct, as trade or business expenses, tuition costs and related expenses incurred in attending the Golf Academy of the South.

Background

This case was submitted fully stipulated, and the stipulated facts are so found. Petitioner resided in Mason, Ohio, at the time the petition was filed.

During 1995, petitioner was employed in a variety of ways. According to the stipulation of facts, he "worked full time in construction and was self-employed as a golf instructor and worked at golf courses in the pro shops."

Beginning in 1994, petitioner enrolled as a student at the Golf Academy of the South (the academy). The academy is accredited as a business school by the Accrediting Council for Independent Colleges and Schools, Washington, D.C.; it is licensed by the State Board of Independent Postsecondary, Vocational, Technical, Trade and Business Schools, Florida Department of Education. Successful graduates of its 2-year program are awarded a specialized associate degree in business. Courses offered by the academy are approved for the training of veterans and persons eligible for VA educational benefits. Subject to certain conditions and limitations, the academy

accepts educational credits earned at other accredited educational institutions.  Credits earned at the academy are transferable; according to its catalog, "Academy graduates can expect to earn a bachelor's degree in two academic years" at another educational institution.

While at the academy, petitioner took the following courses:

| Semester | Courses |
| --- | --- |
| 1 | Introduction to Business<br>Microcomputer Applications<br>Attitude and Motivation Assessment<br>Business Writing<br>Golf Fundamentals<br>Short Game and Putting Techniques |
| 2 | Elementary Accounting<br>Automated Pro Shop Management<br>Golf Shop Management<br>Golf Club Design and Repair<br>Health Science<br>Small Business Management<br>Club Fitting and Merchandising |
| 3 | Financial Management<br>Verbal Communication Skills<br>Turf Management<br>Methods of Teaching<br>Advanced Rules of Golf<br>Planning and Org. of Tournament Golf<br>Anatomy, Exercise, and Biomechanics |
| 4 | General Business Law<br>Advanced Microcomputer Applications<br>Sports Psychology<br>Food and Beverage Purchasing Control<br>Country Club Management<br>Golf Course Design and Irrigation<br>Teaching Laboratory<br>Clinic Planning<br>Advanced Golf Techniques |

In April 1995, petitioner was awarded a specialized associate degree in business from the academy. At the time, he held no other undergraduate degrees.

During 1995, petitioner paid tuition costs and related expenses of $9,986.43 incurred in connection with his enrollment at the academy (the education expenses). On a Schedule C, Profit or (Loss) From Business, included with his timely filed 1995 Federal income tax return, petitioner: (1) Listed his principal business or profession as "golf instructor"; (2) reported gross income of $2,010; (3) deducted total expenses (including the education expenses) of $16,297.52; and (4) reported a net loss of $14,287.52.

In the notice of deficiency, respondent disallowed the education expenses deducted on the Schedule C, because petitioner failed to establish that the expenses were "ordinary and necessary". Other adjustments made in the notice of deficiency are not in dispute.

Discussion

On the Schedule C included with his 1995 return, petitioner deducted the education expenses as trade or business expenses paid in connection with his employment as a golf instructor. In general, section 162(a) allows a deduction for all ordinary and necessary expenses incurred in carrying on a trade or business. Expenditures made by an individual for education that maintains

or improves the skills required by the individual in the individual's trade or business are deductible as ordinary and necessary business expenses. See sec. 1.162-5(a), Income Tax Regs. No deduction is allowed, however, if the education is part of a program of study that will lead to qualifying the individual in a new trade or business. See sec. 1.162-5(b)(3), Income Tax Regs. Expenditures made for education that is a part of a program of study that will lead to qualifying an individual for a new trade or business are not deductible, even if the education maintains or improves the skills required by the individual in the individual's trade or business, because those expenditures "are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures". Sec. 1.162-5(b)(1); see also sec. 262.

Petitioner points to the stipulation that during 1995 he was self-employed as a golf instructor. According to petitioner, the course of study he pursued at the academy did not lead to qualifying him in a new trade or business, but it did maintain or improve the skills required of him as a golf instructor. The manner in which petitioner's skills as a golf instructor were maintained or improved is not specifically addressed. We are invited to conclude that they were, if only from inferences drawn from our general knowledge regarding what a "golf instructor"

does and the nature of the courses offered by the academy, as described in its catalog.

Respondent, although not necessarily agreeing that the education maintained or improved petitioner's skills as a golf instructor, argues instead that the education expenses are not deductible because the education leads to qualifying petitioner in a new trade or business. Relying heavily on information contained in the academy's catalog, we agree with respondent.

As a successful graduate of the academy, petitioner was awarded a specialized associate degree in business from an educational institution accredited by the Accrediting Council for Independent Colleges and Schools, Washington, D.C., and licensed by the State Board of Independent Postsecondary, Vocational, Technical, Trade and Business Schools, Florida Department of Education. Some of the courses that petitioner took while attending the academy no doubt maintained or improved his skills as a golf instructor, but other courses were directed more to a general business education. "If the education qualifies the taxpayer to perform significantly different tasks and activities than could be performed prior to the education, the education qualifies the taxpayer for a new trade or business." Kersey v. Commissioner, T.C. Memo. 1993-641 (citing Glenn v. Commissioner, 62 T.C. 270 (1974)), affd. without published opinion 50 F.3d 15 (9th Cir. 1995). As the type of degree awarded to petitioner

suggests, petitioner's education at the academy, which included numerous business courses, qualifies him for trades or businesses other than that of golf instructor.

We also find it significant that upon being awarded an associate's degree from the academy, petitioner could, as the catalog states, "expect to earn a bachelor's degree in two academic years" at another institution.  Simply put, the educational expenses here in dispute were incurred in the course of obtaining a basic undergraduate degree, even if many of the courses directly related to petitioner's trade or business at the time.  We think it is axiomatic that in the case of an individual who holds no prior undergraduate degrees, a college education leads to qualifying that individual for a variety of new trades or businesses.  Cf. Carroll v. Commissioner, 51 T.C. 213 (1968), affd. 418 F.2d 91 (7th Cir. 1969).

In this case, we find that the education expenses were incurred in the course of study that would lead to qualifying petitioner, who held no prior undergraduate degrees, in trades or businesses other than as a golf instructor.  It follows that the education expenses are not deductible, and we so hold. Respondent's adjustment in this regard is therefore sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

On the basis of the foregoing and to reflect the agreement of the parties on other adjustments,

<u>Decision will be</u>

<u>entered under Rule 155</u>.
